REBECCA AMINOFF, Appellant, *v.* RALPH AMINOFF, Respondent.

First Department, November 1, 1955.

*Joseph J. Lombardo* of counsel (*Yellon, Banno, Lombardo & Verrilli,* attorneys), for appellant.

*David W. Kahn* for respondent.

Peck, P. J.  This is an appeal from the denial of a motion to set aside a stipulation of settlement made in an action for a separation, to vacate the judgment entered thereon and to set the case down for trial.  The assigned ground of attack upon the stipulation and judgment is that the judgment is one for separation by consent in violation of rule 283 of the Rules of Civil Practice, which provides that no judgment for separation shall be made by consent.

Only a brief statement is necessary to appraise the merits of the present controversy and determine the proper disposition.

The action for a separation was only a fragment of multiple lawsuits between the parties relating to property claims and disputes.  The calling of the separation action for trial was the occasion for extended negotiations for the settlement of all disputes and litigation between the parties.  A carefully considered stipulation of complete settlement was made and approved by the court, which had followed closely and participated in the discussions over a period of two days.

By the judgment entered the plaintiff got exactly what she wanted and still wants and what she claims she is entitled to as to the award of a separation.  What she complains about is solely the property incidents or settlement, which she would like to uproot in the hope of gaining more favorable terms. This is not the case, therefore, of a repentant wife who wishes

to undo a separation and revert to the full marriage relationship. On the contrary, it is the case of a wife who wishes to retain or regain her separation — but on financial terms more advantageous to her.

The only factual excuse or justification which she can assign for her attack upon the stipulation and judgment is that she did not hear or comprehend the terms of the stipulation as dictated into the court record. This claim under the admitted circumstances of careful and thorough negotiations conducted by competent counsel and participated in by the plaintiff may be dismissed as sham.

Plaintiff therefore takes refuge in the provision of law against the entry of judgments of separation by consent and seeks to undo the stipulation and judgment upon the ground of a claimed violation of that section of law.

Was this then a judgment of separation on consent in the sense and spirit of the injunction of the law? If the requirement of the law were that all actions of separation leading to judgment must be contested and rest upon a determination made after full trial, we would have to say that this judgment did not satisfy that requirement. But obviously that is not the law, and we perceive that the requirement of the law is only such a submission of the matter to the court, whether brief or extensive, formal or informal, as will satisfy the court of the justice and propriety of a separation and satisfy the community's interest in the marital relationship. The parties may not disregard that interest and simply go into court and present the court with a *fait accompli* for a ministerial stamp of approval. Judicial consideration and judicial scrutiny must be given to the case and an independent determination made by the court. But it certainly can be no impediment to or impairment of such a determination that it is agreeable to the parties or satisfies their desires. The injunction is against entering the judgment merely upon consent. There is no injunction against a consent to a judgment, and certainly a stipulation as to the support or property provisions is permissible.

In the present case it is perfectly clear that the court did not put any rubber stamp of court approval upon the stipulation of the parties. The court heard the parties at length, albeit without formal proof, and was able to make and did make an independent determination of the legality and propriety of their proposed disposition of their differences. As the court stated at the conclusion of the discussion and determination of the matter — " From what I have heard in this case already my

conscience is satisfied that this is a proper and just settlement of the case.''

What is the ultimate purpose and requisite of the statute except to satisfy the conscience of the court that the disposition made is proper and just?

The statute is a matter of substance and not mere form. The substance of the statute was fully honored here and a judgment reached which was responsive to its requirements.

The order appealed from should be affirmed, with costs and disbursements to respondent.

COHN, BASTOW, BOTEIN and RABIN, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondent. [See 1 A. D. 2d 664.]