Joseph A. Gra vagan, J.
This is a motion (1) to deny settlement of a proposed judgment of separation predicated upon a stipulation entered into in open court during trial, and (2) to vacate the stipulation on the ground that it has been repudiated by the subsequent acts and conduct of the parties.
Plaintiff husband sues for divorce on the ground of adultery. The defendant wife, in addition to a general denial and an affirmative defense that her alleged misconduct was committed through the connivance and procurement of the plaintiff, counterclaims for a separation on the grounds of cruelty and abandonment. Each of the parties seeks custody of the child of the marriage.
In April, 1956 the framed issue of defendant’s adultery with a named correspondent was assigned for trial by jury to Special Term, Part IX, where I presided. Prior to the trial, conferences were held in chambers with counsel. With the aid of the court a settlement was reached whereby plaintiff’s action for divorce *205 would be discontinued and a separation agreement between the parties would be spread on the record in open court. For that limited purpose, trial of the framed issue was begun and the parties consented to waive the right to a jury trial. Called as the first witness in his own behalf, the plaintiff was asked only one question — whether he was the plaintiff in the action — and he answered in the affirmative. No other proof or testimony was offered, and the stipulation, which the plaintiff seeks to set aside on the present motion, was then dictated into the record in open court.
The significant provisions of the stipulation, for the purposes of this motion, are as follows: Plaintiff discontinues his action for divorce; the parties will continue to live separate and apart (but no specific provision is made for discontinuance of the defendant’s counterclaims for separation); the parties will sign any paper or agreement necessary to effectuate the stipulation; custody of the child shall be in the wife on weekdays and in the husband on weekends; the husband agrees to pay to the wife $300 per month for her support and the support of the child; and any dispute under this stipulation is to be arbitrated by a named arbitrator.
From the inception of the settlement agreement the parties have not given nor received any benefits nor incurred any detriment thereunder. No order or judgment based upon the settlement, other than the proposed judgment here in issue, has been submitted to the court. Instead, the defendant subsequently brought on three motions which, according to the plaintiff, were in effect a repudiation of the settlement by both parties.
In June, 1956 the defendant, by the first of the three motions, sought to punish the plaintiff for contempt for failure to return the child to the defendant’s custody as directed by an inter-' mediate order of the court made on November 28,1955. On that application, although defendant’s counsel acknowledged that the parties had entered into a settlement agreement and that plaintiff refused to abide thereby, the defendant did not request arbitration as provided by the agreement but chose to stand on the prior court order and to invoke the punitive relief unavailable to her under the settlement. The plaintiff opposed the motion on the merits and did not raise the issue of the settlement agreement except to state that he was “ in the process of moving to set aside the entire agreement ”. The court, informed that the child had been returned to the defendant, denied the motion and admonished the plaintiff to abide by the intermediate order with respect to the custody of the child.
*206 The defendant moved again in August, 1956 to punish the plaintiff for contempt. At that time she alleged that the plaintiff had failed to comply with an intermediate order made by Mr. Justice Markowitz on April 19, 1955 which required the plaintiff to pay, pending the trial, $35 per week for the support and maintenance of the child and for the rent and telephone charges for the apartment occupied by the defendant and the child. On this application, too, the defendant’s moving papers adverted to but did not rely upon the settlement (“ Pending the formalizing of proceedings had before Mr. Justice Gavagan settling the above entitled case, this application is made to enforce order of Mr. Justice Markowitz ”). It appears that the second motion to punish the defendant for contempt was permitted to be withdrawn by an order of the court.
It was not until the defendant’s third motion after the settlement that she purported to rely on the agreement and to seek an order directing the entry of judgment and an additional counsel fee. Then, as now, the plaintiff charged that the defendant had at all times refused to comply with the settlement agreement. The reply affidavit of the defendant referred to the release clause of the settlement agreement (par. 6) which states in substance that each of the parties releases the other from any claim except as provided for in the agreement. Absent a provision in the settlement agreement for any counsel fee, the court held that “ no authority exists for the award here requested ’ ’ and denied the motion ‘ ‘ without prejudice to the pursuit by counsel of any other remedies he may have ’ ’.
At no time either during the conferences in chambers prior to settlement or during the trial of the framed issue was the entry of a judgment of separation intended. The contention of the defendant that the “ Judge’s minutes of the Trial” directed a judgment to be settled is erroneous. Undoubtedly, the defendant refers to the minutes of the clerk of Special Term, Part IX. Whatever minutes, if any, carry such a direction are necessarily an incorrect record of the proceedings before me. I gave no direction or order to settle a judgment of separation in this action. Had counsel informed me that they were submitting not only the framed issue of defendant’s adultery but the issues raised by her counterclaim for separation, I would have insisted that a further stipulation to that effect be placed on the record and that sufficient proof be adduced to warrant a judgment of separation. The case of Aminoff v. Aminoff (286 App. Div. 514, motion for leave to appeal denied 1 A D 2d 664, motion for leave to appeal dismissed 309 N. Y. 1021), relied upon by the *207 defendant as authority for her proposed judgment of separation, is not applicable. There, in an action for separation, Special Term granted a judgment pursuant to a stipulation after the court heard the parties at length, though without formal proof. The Appellate Division of this department found that Special Term had made an independent determination of the legality and propriety of the settlement, and thus complied with rule 283 of the Rules of Civil Practice providing that judgment for separation shall not be made by consent. In the case at bar, the defendant’s counterclaims for separation were not before me, no judgment of separation was contemplated, and the parties were not heard, either formally or informally, on the issues raised by the counterclaims. To grant a judgment on the present record would be to enter a judgment of separation merely upon consent, in violation of rule 283 of the Rules of Civil Practice.
There remains the question of whether the defendant has, by her subsequent acts and conduct, • repudiated the settlement. Repudiation of an agreement occurs when one of the parties takes steps which are inconsistent with its continuing in force and the other party acquiesces in its termination. Each of the three motions brought by the defendant after the settlement was inconsistent with it. The only relief provided for by the settlement was arbitration. The defendant obviously disavowed such relief when she brought the three motions and relied on prior intermediate orders whose provisions were inconsistent with the terms of the settlement. Moreover, on two of the motions the defendant invoked the summary powers of the court to punish plaintiff for contempt. It is significant that the defendant did not rely on the settlement, even where, as in the matter of support, the settlement agreement was more favorable to her than the prior intermediate court order. The defendant argues that she ‘1 had no alternative but to proceed under said intermediate orders because the plaintiff withheld cooperation, which defendant’s attorneys mistakenly thought they required in order to deliver a judgment on the settlement agreement.” This argument is untenable. It is axiomatic that a mistake in law, even a mutual mistake, affords no excuse for the defendant’s failure to comply with or to enforce or to recover for the breach of an agreement. Where, as here, the parties never enjoyed the fruits of the settlement or suffered any detriment thereby, the defendant ’s failure to enforce the settlement and her deliberate choice on three different occasions of remedies under prior court orders were wholly inconsistent with and a repudiation of the settle *208 ment. Further, it is not denied that the plaintiff fully acquiesced in the repudiation. I find that both parties have repudiated the settlement agreement.
The fact that the named correspondent died subsequently does not now permit the defendant to withdraw her repudiation.
Under the circumstances present here, and in the exercise of discretion, the settlement, having been repudiated by the parties, is vacated and the proposed entry of judgment of separation is denied.
The plaintiff’s motion is accordingly granted. Settle order.