■ CAROLYN JONES, Respondent, v. STANLEY JONES, Appellant.— Order, entered on August 9, 1965, granting plaintiff's motion for reargument, unanimously affirmed, without costs or disbursements. No opinion. Order, entered August 9, 1965, denying a cross motion to vacate a judgment of separation entered on November 16, 1964, reversed, on the law, and in the exercise of discretion, and the cross motion is granted, without costs or disbursements to either party. In this matrimonial action it was improper to make a final disposition on the basis of a stipulation of settlement without the taking of proof, as required by section 201 of the Domestic Relations Law. The scope of the requirement was recently restated by this court, although in somewhat different context, in *Satenstein* v. *Satenstein* (24 A D 2d 422). Despite the memorandum latterly written on the instant cross motion by the Trial Judge who accepted the stipulation, neither the memorandum, the stipulation nor the judgment entered on the stipulation contain the " grounds for separation" as required by the statute, other than the words " because of * * * abandonment and non-support of plaintiff." Thus, apart from the complaint in the action, which is not a part of the present record before the court, and which at best, contains only allegations, there is neither proof nor finding of fact as to the grounds for the separation. There is only the conclusory statement in the Trial Judge's memorandum " Defendant abandoned plaintiff in 1943." This, in a case in which the husband supported the wife and child for the next 20 years, bought the wife a private home, supplied her with blank checks on his bank account, an automobile, and other advantages, and supported the child through college, while he worked at two full-time positions, day and night, and lived in a cheap furnished room (see record on prior appeal, 21 A D 2d 753). There is another conclusory reference to the husband refusing to support the wife after 1963. On the prior appeal in this

court this alleged refusal, denied by the husband, was associated with the wife's use of blank checks given to her and the alleged unauthorized drawing on the husband's bank account. None of these issues, vital to any finding of abandonment or nonsupport, are treated anywhere in the present record, even superficially. The situation in this case is distinguishable from that in *Aminoff* v. *Aminoff* (286 App. Div. 514), in which the court affirmed the denial of a motion to vacate a separation judgment on a stipulation without the taking of formal proof in the usual procedure. In the *Aminoff* case, the parties had litigated with each other in a multiplicity of actions and appeals. In September, 1954 when the Trial Justice directed the entry of judgment on a stipulation of settlement he had shortly before, in May, 1954, concluded a four-day trial in which the same parties had been litigating over property. Indeed, the wife's appeal from that judgment came to this court simultaneously for disposition with her appeal from the judgment of separation. The settlement stipulation was read into the record in open court and the lawyers were invited by the trial court to present proof, as specified in the stipulation and as required by the then rule 283 of the Rules of Civil Practice. The lawyers, however, suggested that it was not necessary to proceed with the proof and the Trial Justice acquiesced in the lawyers' suggestion. To top it off, it was plaintiff wife who sought to upset the judgment entered in her favor, and not defendant husband. When the peculiarly aggravated situation in that case (with the extended records of evidentiary proof made before the Trial Justice and actually before this court, because of simultaneous and successive appeals) is compared with the one involved in this case it becomes difficult to extend the rule in the *Aminoff* case beyond the extreme to which it had been stretched. Involved are strong policy reasons of long-standing designed to avoid consensual judgments in matrimonial actions and, notably, without distinction among the different kinds of matrimonial judgments: divorce, annulment, separation, and declaratory. In this reference, compare the restrictions on granting summary judgment in matrimonial actions (CPLR 3212, subd. [d]), limiting such judgment to defenses where " documentary evidence or official records * * * establish a defense to the cause of action." Concur — Botein, P. J., Breitel, Valente and Steuer, JJ.; Eager, J., dissents in the following memorandum: I would affirm. The determination of the majority is in clear conflict with the reasoning of Presiding Justice PECK and the unanimous holding of this court in *Aminoff* v. *Aminoff* (286 App. Div. 514, 516). (See, also, *Miller* v. *Miller*, 10 A D 2d 796.) Here, the parties have been living separate and apart for over 20 years and, when the case was reached for trial, the defendant deliberately withdrew his answer and, thus, was in default with respect to the allegations of the complaint. Thereupon, voluntarily and before the court, he stipulated for a separation and for the support of his wife. Under these circumstances, I would hold that it is improper for the majority to refer to matters dehors the present record for purpose of overturning the Trial Justice's conclusions that the judgment should stand. (See 9 Carmody-Wait, New York Practice, §§ 345, 346, pp. 41–46.) Incidentally, if, on this appeal, we may consider the contents of affidavits contained in the prior record on the appeal from the order denying temporary alimony and counsel fee (21 A D 2d 753), such record reveals that there was a conflict in the claims of the parties as to the cause for their separation and that the defendant, in an affidavit, admitted that he left the marital residence in 1943 alleging that this was because of the intolerable situation which resulted from the inability of the parties to live with the wife's parents; and he alleged that she refused to live elsewhere with him. He further admitted, however,

that since the separation, he had continually paid substantial sums toward the support of his wife; but, of course, his support of his wife is no defense to an action for separation grounded on alleged abandonment. (See 16 N. Y. Jur., Domestic Relations, § 788, p. 326.) The defendant, now in deliberate default, does not even claim that he has a meritorious defense to this separation action. His attack upon the judgment was not made until plaintiff sought to punish him for contempt for nonpayment of the alimony installments therein directed to be paid to her; and it is clear that his only purpose in attacking the judgment is his desire to be relieved of such payment or to present equitable offsets against the same. As in *Aminoff* v. *Aminoff* (*supra*), this is the case of a spouse who does not desire to undo the separation but who merely wishes to have the financial terms restated in a way "more advantageous to [him]" (p. 516). The defendant is an attorney. One may assume that he and his attorneys had knowledge of the statutory requirements that his wife present proof of the grounds for a separation. (Domestic Relations Law, § 201.) But, on the withdrawal of defendant's answer and, thereupon, in his presence and on the placing of the stipulation on the record, neither he nor his attorneys made any objection when the court stated that findings of fact and conclusions of law were considered waived. The inference can be drawn that the defendant intended to keep the lack of compliance with statutory requirements as an "ace in the hole" to use when the wife sought to enforce the judgment. Under the circumstances, as in *Aminoff*, the defendant's application to vacate the judgment is apparently one not made in good faith. Furthermore, as in *Aminoff* (*supra,* pp. 516–517): "it is perfectly clear that the court did not put any rubber stamp of court approval upon the stipulation of the parties. The court heard the parties at length, albeit without formal proof, and was able to make and did make an independent determination of the legality and propriety of their proposed disposition of their differences. * * * The substance of the statute was fully honored here and a judgment reached which was responsive to its requirements." Here, the Trial Judge, in denying the motion to set aside the judgment, has expressly stated that "The judgment in the case at bar was made with due consideration of the justice and propriety of a separation, having in mind the community's interest in the marital relationship. It was based upon my knowledge of the proceedings derived from hearing the parties at length, their attorneys, and all of the papers on file in this case before me at the time of trial. I am satisfied and find that the judgment of separation of November 16, 1964, was in compliance with the sense and spirit of section 201 of the Domestic Relations Law." (*Jones* v. *Jones,* N. Y. L. J., Aug. 11, 1965, p. 8, cols. 1, 2.) Finally, if it is required that the matter be remitted for proof of the grounds for separation, the record does not justify the unconditional setting aside of the judgment in its entirety. The provisions for the support and maintenance of the plaintiff may stand independent of the "failure of proof of the grounds of the wife's action". (Domestic Relations Law, § 236.) It is well settled, of course, that a husband and wife, living separate and apart, may enter into a valid agreement for the support and maintenance of the wife; and the agreement here, deliberately entered under the supervision of the court, is binding on the defendant. He does not contend that it is invalid; he only states that the wife is guilty of a breach thereof and, therefore, should be required to bring a plenary action to recover the payments thereunder. Consistent with this position, and without a proper application to open defendant's deliberate default, the support provisions should, in any event, stand; and, if the matter is to be remitted, the remission should be solely for the purpose of allowing plaintiff to submit proper proofs of grounds for separation.