(May 4, 1972)

■ ROYCE SLUTZKY, Respondent, v. SAMUEL L. SLUTZKY, Appellant.— Judgment, Supreme Court, Bronx County, entered on December 2, 1971, so far as appealed from, unanimously modified, on the law and the facts, to reduce the award of alimony, retroactive to October 8, 1970 (the date on which temporary alimony was to commence) to $125 per week and is further modified to reduce the award of counsel fees to $2,500 and as modified the judgment is affirmed, without costs and without disbursements. Order, Supreme Court, Bronx County, entered on December 20, 1971, unanimously modified, on the law, to the extent of deleting those provisions finding defendant in contempt of court and is further modified, on the law and the facts, to direct entry of judgment for arrears computed at the rate of $125 per week and as so modified the order is affirmed, without costs and without disbursements. Order,

Supreme Court, Bronx County, entered on December 20, 1971, granting plaintiff's motion to extend her time to submit her order punishing defendant for contempt of court, unanimously affirmed, without costs and without disbursements. Order, Supreme Court, Bronx County, entered on December 20, 1971, granting plaintiff's motion to the extent of directing the entry of judgment for arrears of alimony in the amount of $620, unanimously modified, on the law and the facts, to reduce the amount of arrearage to be computed at the rate of $125 per week and as so modified the order is affirmed, without costs and without disbursements. We believe that the judgment in favor of plaintiff on her second cause of action for separation based upon abandonment was proper. (See *Aminoff* v. *Aminoff*, 286 App. Div. 514, mot. for lv. to app. den. 1 A D 2d 664, 309 N. Y. 1021.) The contention of the defendant that the judgment improperly directed an accounting with relation to certain stock is without merit. That provision merely implemented the court's finding that the stock in question was jointly owned by the parties and was not contrary to the decision of the trial court. However, considering all the evidence adduced, the duration of the marriage, the ages of the parties, their station in life, their respective financial positions and earning capacities, the award of alimony should be reduced to the extent indicated. (See *Kover* v. *Kover*, 29 N Y 2d 408.) Similarly, the award of $5,000 as additional counsel fees is excessive, particularly considering that the separation itself was not contested. With regard to the order finding defendant in contempt, such was defective on its face. Plaintiff's papers neither alleged nor did the court find that sequestration proceedings would not lie or would be ineffectual. Such finding is essential to permit enforcement of a support order by contempt (Domestic Relations Law, § 245; *Spargo* v. *Spargo,* 25 A D 2d 612). In view of the fact that the award of alimony is reduced retroactive to October 8, 1970, the findings of arrears in the orders appealed from must be modified to recompute the amounts owing. Settle orders on notice. Concur — McGivern, J. P., Markewich, Kupferman, Steuer and Tilzer, JJ.