■ EDWIN A. MILLER, JR., Respondent, v. LUCILLE B. MILLER, Appellant.— Order unanimously reversed, with $10 costs and disbursements to defendant-appellant and defendant's motion for judgment for arrears in alimony due defendant granted, with $10 costs, and as to plaintiff's motion to vacate the judgment of separation, matter remitted to the Justice who granted the judgment for further proceedings in accordance with the memorandum. Memorandum: Facts shown on the motions did not justify vacating the provisions of the judgment respecting custody and maintenance of the infant children of the parties. The Trial Justice was empowered to give directions in the judgment for their custody and maintenance irrespective of whether he granted or refused to grant a separation. (Civ. Prac. Act, §§ 1170, 1170-a; *Walker* v. *Walker,* 282 App. Div. 671.) Under such provisions of the judgment the defendant's motion for judgment for arrears in alimony should have been granted. The plaintiff's motion to vacate the judgment of separation was not heard by the same Justice who heard the cause. Presented on that motion were questions of whether or not there had been a lack of judicial consideration and determination by the Trial Justice independent of the stipulation of the parties, and whether or not the judgment of separation was based wholly on consent of the parties contrary to the provisions of rule 283 of the Rules of Civil Practice. Such questions could best be determined by the Justice before whom the action was tried. In the exercise of a sound discretion, an application of this kind should not be entertained under such circumstances by another Justice having no personal knowledge as to what actually occurred in the courtroom and who would be compelled to depend upon conflicting affidavits. (*Oakley* v. *Cokalete,* 6 App. Div. 229.) Accordingly, the matter is remitted to the Justice who granted the judgment of separation to determine the motion, in the light of his knowledge of the proceedings which were before him, from the motion papers and such further proof, if any, as may be produced before him. (See *Aminoff* v. *Aminoff,* 286 App. Div. 514.) (Appeal from an order of Monroe Special Term granting plaintiff's motion to vacate a judgment of separation and denying a motion by defendant for judgment for arrears in alimony due under said judgment.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL MILLER, Appellant.— Judgment of conviction unanimously affirmed. (Appeal from a judgment of Chautauqua County Court convicting defendant of the crimes of burglary, third degree, grand larceny, first degree, and possession of burglar's instruments.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ McMAHON BROS., INC., Respondent, v. SAM DELL HIGHWAY MOTORS CORP., Appellant.— Judgment unanimously affirmed, with costs. (Appeal from a judgment of Onondaga Trial Term for plaintiff in an action in conversion.) Present — Williams, P. J., Bastow, Goldman and Henry, JJ.