■ Isaac Waksenbaum, Respondent-Appellant, v Malka Waksenbaum, Appellant-Respondent.—In a divorce action, defendant appeals from so much of a judgment of the Supreme Court, Queens County, dated August 5, 1975, as fixed the award of alimony, retroactive alimony and counsel fees, awarded plaintiff exclusive possession of certain premises and the rents therefrom, and failed to award her the costs and disbursements of the action. A cross appeal by plaintiff from stated portions of the said judgment has been withdrawn. Judgment modified by deleting the seventh and eighth decretal paragraphs thereof. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and action remanded to the Special Term for the purpose of holding a hearing and making a new determination in accordance herewith. When the husband commenced this action for divorce in 1973, the parties had already separated and were living apart. Defendant had been living in one jointly owned multiple dwelling and the husband in the other. There is some testimony in the record that the building in which the husband lives is the more lucrative of the two and that, to cure the apparent disparity, the parties orally agreed to "pool" the rentals, pay the joint expenses and divide the net income. Special Term, although dismissing the divorce action, decreed that each party was to remain exclusively in the dwelling which he or she presently occupied and was to collect the rents and profits therefrom. No accounting of any sort was ordered. The defendant, who claims to be living in the dwelling which is the "losing venture", complains. Sections 234 and 236 of the Domestic Relations Law give the court, in its discretion, jurisdiction to make a determination with respect to possession of jointly held property even where the action for divorce, separation, etc., fails (see Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law, § 234). However, the exercise of that discretion was improvident in this case, especially in the absence of *clear* evidence indicating the exact amount of rentals netted by each building as compared with the expenses of each, and the failure to inquire into the amount of capital provided by the respective parties for the purchase of the buildings. Consistent with the principles enunciated by this court time and again that the courts act upon the principle that the parties (albeit in a partition suit; however, the same rules apply here) must do equity as between themselves (see, e. g., *Sirianni v Sirianni,* 14 AD2d 432; *Goldspinner v Goldspinner,* 52 AD2d 837 [dissenting memorandum of Martuscello, Acting P. J.,]), there should be a hearing held to ascertain the most equitable distribution of the income realized from the parties' joint ventures. The parties may be advised to open a joint bank account into which the total rentals from the two buildings would be deposited and from which the expenses for the dwellings would be paid under the parties' joint signatures. Two factors which should be taken into consideration before the distribution of the net profits are (1) the relative rental value of the apartment each of the parties is occupying and (2) the proportion of the capital funds provided by each party for the purchase of the buildings. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.