■ VINCENT M. MAULELLA, Appellant-Respondent, v JOAN M. MAULELLA, Respondent-Appellant. (Action No. 1.) (And a Second Action.) — In two consolidated actions for divorce, the husband appeals and the wife cross-appeals from stated portions of a judgment of the Supreme Court, Nassau County (Becker, J.), entered August 5, 1981, which, *inter alia,* granted the husband leave to supplement his complaint to include a cause of action for divorce on the ground of adultery, granted the husband a judgment of divorce on the ground of adultery, awarded custody of the two children to the husband, with visitation to the wife, awarded the wife maintenance pursuant to section 236 (part B, subd 6) of the Domestic Relations Law of $125 per week, directed the husband to maintain health insurance for the wife, distributed the parties' assets pursuant to part B of section 236 of the Domestic Relations Law, and

awarded the wife $3,500 in counsel fees, $3,000 in temporary alimony arrears for the period until April 26, 1981, and $825 in temporary alimony arrears for the period from April 26, 1981 until the date of entry of the judgment. Judgment modified, as a matter of discretion in the interest of justice, (1) by deleting therefrom the second, fifth, eleventh, twelfth, thirteenth, fifteenth, sixteenth, and twentieth decretal paragraphs; and substituting therefore a provision denying the husband's motion to interpose a cause of action for divorce on the ground of adultery, without prejudice to the institution of a new action for divorce upon that ground, if the husband be so advised; (2) by deleting therefrom the portion of the ninth decretal paragraph, which directs that when the youngest daughter reaches the age of 21 years or becomes sooner emancipated "the property shall be sold and the proceeds divided equally, and the furnishings shall be divided equally between the parties"; and (3) by increasing in the eighteenth decretal paragraph, the award to the wife for temporary alimony arrears for the period from April 26, 1981 until entry of the judgment to $1,050. As so modified, judgment affirmed insofar as appealed from without costs or disbursements. The parties were married on August 30, 1964, and have two children. Prior to July 19, 1980 both parties commenced separate actions for divorce. In her complaint the wife asserted a cause of action for divorce on the ground of cruel and inhuman treatment. In his complaint the husband alleged a cause of action for divorce on the ground of cruel and inhuman treatment and a cause of action for divorce on the ground of sexual abandonment. By order dated April 3, 1981 the two actions were consolidated, and the matters proceeded to trial. During the course of the trial the wife, on cross-examination, was asked over objections whether she had "kissing * * * and sexual relations" with a girlfriend, and responded affirmatively. At the conclusion of the trial on his claims, the husband moved to conform the pleadings to the proof, and thereafter moved to amend his complaint to interpose a cause of action for a divorce from the wife upon the ground of adultery, based upon her admissions at trial. Special Term found that the parties failed to establish the causes of action for divorce asserted in their complaints. The court further noted that it would be improper to grant leave to the husband to amend his complaint, because "amendment should not be permitted where there would be substantial prejudice to the opposing party". It concluded that an amendment of the complaint to charge adultery would relate back to the date the action was commenced and result in the application of part A of section 236 of the Domestic Relations Law which would deny an award of alimony to the wife based on her admitted fault, thereby prejudicing her. However, the court permitted the husband to "supplement" his complaint to add a cause of action for divorce on the ground of adultery upon the theory that "supplementing" the complaint would result in the application of part B of section 236 and permit equitable distribution and an award of maintenance despite the wife's admitted fault. The court then held that "[b]ased upon the admissions of [the wife], I find that [the husband] is entitled to a judgment of divorce on the recently added cause of action." With respect to property and maintenance, Special Term then applied the provisions of part B of section 236 of the Domestic Relations Law because the husband's cause of action for divorce on the ground of adultery was interposed by a supplement to his complaint subsequent to July 19, 1980. Based upon evidence in the record that the wife was suffering from a recurrent depressive neurosis, custody of the children was awarded to the husband, with visitation to the wife. The husband was awarded exclusive possession of the marital residence, and the wife was awarded maintenance of $125 per week, health insurance coverage, $3,500 in counsel fees, $3,000 in arrears of temporary alimony of $75

per week for the period until April 26, 1981, and $825 in arrears of temporary alimony of $75 per week for the period from April 26, 1981 until entry of the judgment appealed from. Special Term further provided for the equitable distribution of the parties' assets pursuant to part B of section 236 of the Domestic Relations Law. "[T]he determinative time for applicability of part B of section 236 of the Domestic Relations Law is not when [the] claim was interposed but when the action in which it was interposed was commenced" (see *Valladares v Valladares,* 55 NY2d 388, 392). Accordingly, it is irrelevant whether the cause of action for adultery is asserted by a supplemented, rather than an amended complaint. The crucial fact is that this action was commenced prior to the effective date of part B of section 236 of the Domestic Relations Law. The fact that the wife could be deprived of the benefits of part B does not, as a matter of law, constitute grounds to deny the husband leave to supplement or amend his pleadings (see *Tucker v Tucker,* 55 NY2d 378, 386, n 3). However, in the instant case the wife suffered cognizable prejudice. Because the husband's motion for leave to interpose a cause of action for a divorce on the ground of the wife's adultery was made during the course of the trial itself, the wife was deprived of an opportunity to plead, prepare and prove any of the defenses set forth in section 171 of the Domestic Relations Law, was unable to exercise her right to a trial by jury (see Domestic Relations Law, § 173), and was unable to challenge the sufficiency of the husband's proof. Motions for leave to amend the pleadings and motions for leave to supplement the pleadings are generally governed by the same standards (see CPLR 3025, subd [b]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025.9) and should not be granted if the opposing party can show prejudice. Therefore, we find that Special Term improvidently exercised its discretion when it granted the husband leave to supplement his complaint by adding a new cause of action for divorce on the ground of adultery (see *De Angelis v De Angelis,* 54 AD2d 1088; *James-Smith v Rottenberg,* 32 AD2d 792). Since the parties failed to establish causes of action for divorce on the grounds asserted in their original complaints, that portion of the judgment which decrees that the marriage between the parties is dissolved must be vacated, along with the relief incidential thereto which was granted pursuant to part B of section 236 of the Domestic Relations Law, namely the distribution of the parties' assets. Our modification is without prejudice to the institution of a new action for divorce on the ground of the wife's adultery, if the husband be so advised. Although the grounds for divorce asserted in the complaints were not established, Special Term still could determine questions of child custody (see Domestic Relations Law, § 240; *Caldwell v Caldwell,* 298 NY 146; *Miller v Miller,* 10 AD2d 796), award one spouse exclusive possession of the marital residence (see Domestic Relations Law, § 234; *Waksenbaum v Waksenbaum,* 53 AD2d 890), and direct either spouse to provide suitably for the support of the other (see Domestic Relations Law, § 236, part A). Special Term's determinations with respect to child custody and visitation were a proper exercise of its discretion. Since the husband has custody of the children, he was properly awarded exclusive possession of the marital residence. Further, the award to the wife of support of $125 per week, and health insurance coverage was reasonable, considering the length of the marriage, the ability of each spouse to be self-supporting, and the circumstances of the instant case. The arrears of temporary alimony of $75 per week for the 14-week period from April 26, 1981, until entry of the judgment, were miscalculated as $825. The amount should be $1,050. We have considered the parties' remaining contentions and find them to be without merit. Mollen, P. J., Damiani, Titone and Weinstein, JJ., concur.