■ J. BRUCE FORBUSH, Respondent, v DIANNE W. FORBUSH, Appellant.—Order unanimously reversed, on the law, with costs, and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: The prospect of dismissal of the divorce action because of plaintiff's failure of proof did not divest the court of jurisdiction to hear an application for modification of an allegedly deficient pendente lite award of maintenance and

other relief. The fact that plaintiff announced that he would decline to submit proof on trial of his claim for the express purpose of divesting the court of jurisdiction and relegating defendant to a claim for support under Family Court Act article 4 was not tantamount to a discontinuance and should not have been treated as such. A plaintiff husband will not be permitted to discontinue a matrimonial action if the rights of a defendant wife to support would thus be prejudiced even though she may have an alternative means for seeking support (see, Engelmayer v Engelmayer, 57 AD2d 770; Schneider v Schneider, 32 AD2d 630; Landsman v Landsman, 278 App Div 214). It was, therefore, error to deny defendant's application for a final determination on the unresolved aspects of her initial application for pendente lite relief.

It is recognized that a temporary award will be adjusted at trial to correct any inequity and that any adjustment can relate back to the date of application for the relief taking into account any previous awards of support (see, Domestic Relations Law § 236 [B] [6], [9] [b]; Khalily v Khalily, 99 AD2d 482, 483; Rodgers v Rodgers, 98 AD2d 386, 389-390, appeal dismissed 62 NY2d 646). That was precisely what the temporary order contemplated in this case. It directed the plaintiff to pay maintenance and certain expenses and directed the parties to keep life insurance policies in force by borrowing against them "pending the trial and conclusion" (emphasis added) of the action.

Further, we note that the order of May 6, 1985 granting defendant's motion for a hearing and determination on her requests for relief was not a nullity and became the law of the case. Although the Judge later disqualified himself from the hearing, that was a voluntary withdrawal as a matter of personal conscience, not as a matter of statutory disqualification (Judiciary Law § 14), and thus did not render his order a nullity (see, Matter of Fitzgerald v Wells, 9 AD2d 812, 813, appeal dismissed 9 NY2d 864; 32 NY Jur, Judges, § 44). Since the prior order was not a nullity and no appeal was taken therefrom, it became the law of the case and, as such, conclusive on Judges of coordinate jurisdiction even though not embodied in a formal order (see, Siegel, NY Prac § 448, at 594; George W. Collins, Inc. v Olsker-McLain Indus., 22 AD2d 485). "It is fundamental that a Judge may not review or overrule an order of another Judge of co-ordinate jurisdiction in the same action or proceeding" (Matter of Wright v County of Monroe, 45 AD2d 932). Nor was the prior order a matter of

procedure only as it impacted on a substantive right of defendant.

In addition, it was error for the court to deny summarily defendant's application for various permanent ancillary relief. In any matrimonial action the court has the authority to order permanent maintenance to a party notwithstanding a failure of proof on the issue of fault precluding the entry of judgment dissolving the marriage (Domestic Relations Law § 236 [B] [8] [b]; *see, Naughton v Naughton,* 92 AD2d 914; *Maulella v Maulella,* 90 AD2d 535; Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, 1977-1984 Supp Pamph, Domestic Relations Law § C236B:18, p 209).

With respect to defendant's request for an order directing that she have exclusive possession of the marital residence, the court determined that consideration of that request was precluded by the fact that plaintiff holds title to the property in his name alone. Although the court is not prohibited from making an award of exclusive possession of the marital residence where the matrimonial action is unsuccessfully concluded *(see, Brady v Brady,* 101 AD2d 797, 799, *affd* 64 NY2d 339), the courts are reluctant to grant possession to a party who has no ownership interest *(see, Lerner v Lerner,* 21 AD2d 861, 862; *see generally,* Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, 1977-1984 Supp Pamph, Domestic Relations Law §§ C234:2-C234:3, pp 40-44). Defendant's request should be considered, however, to determine whether, in light of the circumstances presented here, defendant's request should be granted or whether she should be provided with alternative housing accommodations consistent with the life-style which she has been afforded throughout the duration of this long-term marriage.

In view of the court's clear authority to make retroactive adjustment of defendant's claims for pendente lite relief and to award permanent ancillary relief even though the matrimonial action may be dismissed for failure of proof, the matter is remitted for a hearing to be conducted before a different Judge *(see, Matter of Jennifer Marie G.,* 112 AD2d 755; *Matter of Blake v Blake,* 106 AD2d 916). (Appeal from order of Supreme Court, Erie County, Mintz, J.—dismiss divorce action; equitable distribution.) Present—Hancock, Jr., J. P., Callahan, Denman, Green and O'Donnell, JJ.