*204 OPINION OF THE COURT
Ralph Yachnin, J.
An issue of first impression in this action governed by the New York Equitable Distribution Law is whether the court may direct a wife to utilize her separate property for debts incurred by the husband for the marital benefit. The court answers this question in the affirmative.
The parties in this divorce action were married in 1967 and have two issue, Kerri, born October 8, 1975, and Daniel, born August 16, 1982. The wife worked for the first few years of their marriage, but subsequently stopped in order to raise their children. It seems that during the marriage the parties were always in debt and at the time of the trial, although the husband was earning a gross of $50,038, the husband testified to joint debts amounting to $29,994. Two of the items on the list of debts will be omitted from this total as one is the debt due the husband’s first attorney in the sum of $731 and the second is the sum due his present attorney in the sum of $2,128. Accordingly, the court computes the total to be $27,-135. It should be noted at this point that the wife has claimed certain debts due her attorney and the court has likewise omitted that as part of their joint debts.
In 1980, the wife’s father passed away and left her the sum of $25,000. This money is surely the wife’s separate property (Domestic Relations Law § 236 [B] [1] [d] [1]), and is now in certificates of deposit in the wife’s name only.
The aforesaid total debts are composed of items which were incurred for the parties’ joint use, such as tuition for Kerri, fuel oil, electricity, borrowed sums to pay the mortgage, etc. None of the amounts were for gambling debts of either party or anything of a wasteful nature. Consequently, the court holds that the aforementioned debts are the parties’ joint debts. The question now is: Since the husband has a net take-home pay (with three dependents) of $594 and the court has already awarded $350 of that sum for maintenance and support, leaving the husband $244, should the husband also be required to assume the parties’ entire debt? In posing this question it must be borne in mind that the wife is unemployed and unemployable at this time due to the tender age of their child, and she has separate property of $25,000.
A marriage is not only a social partnership, but an economic partnership. Hence, the court cannot permit the wife to vouch free her own money while her husband is required to, but is unable to, pay the debts which the parties jointly *205 incurred for the benefit of the marriage. The wife must be required to pay at least her share of the joint debts.
There is no doubt that the wife’s $25,000 is not marital property. However, can the concept of nonmarital property apply when the parties are completely and totally unable to meet their joint debts? It cannot apply when one is so heavily in debt that it is impossible for that party to live and pay off the debt while the other party has standby but unused funds. It could apply in some kind of limited business partnership, but a martial partnership is a total commitment, not only to the other party, but also to the marriage and anything less negates the very idea of marriage.
In New York, there appears to be no authority on this issue. In the community property jurisdictions, however, there is legislative or judicial rules concerning the liability of a spouse’s separate property for debts incurred by either spouse during marriage. (See, Oldforth, Valuation and Distribution of Martial Property § 20.07 [1] [b].) In several community property jurisdictions, creditors are able to reach the separate property of the noncontracting spouse to satisfy claims for necessaries contracted for or by the other spouse (Cal Civ Code former § 5132 [now § 5120.140]; Nev Rev Stat § 123.090; Tax Earn Code Ann § 4.02; Wash Rev Code Ann § 26.16.205; Goldring’s, Inc. v Seeling, 139 So 2d 538 [La App 1968]). What constitutes a "necessary” is a factual question which will vary from case to case since it depends upon the standard of living of the parties. (Family Ct Act § 416; Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, p 122.) Certainly the items for which these debts were incurred constitute necessaries taking into consideration the status of the litigants.
Unlike a community property regime, fairness, not mathematical precision, is the guidepost. Under our Equitable Distribution Law, a court possesses flexibility and elasticity to mold an appropriate decree because what is fair and just in one circumstance may not be so in another (Rodgers v Rodgers, 98 AD2d 386 [2d Dept 1983]; St. Angelo v St. Angelo, 130 Misc 2d 583 [Sup Ct, Suffolk County 1985]). Accordingly, it would be the most perverse of reasoning which would enable a spouse to what has been termed an "economic partnership” (memorandum of Governor Carey, 1980 McKinney’s Session Laws of NY, at 1863) to reap the benefits of what a partner contributed for their mutual benefit and, upon its termination, *206 claim that he or she is not responsible for paying the costs necessary to obtain it.
If a working spouse has earning capacity or funds to pay for a marital debt then there is no reason to invade the separate property of the nonworking spouse. However, where it is impossible for that working spouse to satisfy a marital debt within the foreseeable future then the nonworking spouse’s separate property must be applied. In the present case the interest alone on the debt of $27,135 at 9% equals $2,442.15 per year (this is less than half of what the credit card companies charge today). This interest amount alone is equal to what the husband would have to live on for one fifth of a year and this is assuming he pays no principal. If the husband were to pay the interest only out of his income of $244 per week it would be $46.96 per week leaving him a balance of approximately $197.03 to live on. This assumes that he pays no amortization. If he attempted to liquidate the $300,000 at 9% over five years the interest and amortization would be approximately $561 per month, or $130.50 a week, leaving a net balance of $113.50 to sustain him. It is obvious that he cannot live on this amount, travel back and forth to work by car, eat lunch, dinner and breakfast, and be able to clothe himself, etc. It just is impossible in this day and age. Even if the wife is caused to pay half of the debts, the husband will have a very difficult time maintaining himself, but at least he may have a chance of surviving.
Accordingly, effective the date of this order the debts heretofore noted shall be deemed joint. The wife may alleviate herself of any future principal and interest by paying forthwith the sum of $13,567.50, which is one half the total debt, either to the husband or directly to any creditors, whichever she desires. Failing that, the husband may deduct from maintenance, but not child support, one half of the amount plus interest he pays to any creditors. This deduction from maintenance may be made only upon proof by canceled check or proof from the creditors of the amount paid.