■ Isaac Klein, Respondent, v Sonja Klein, Appellant.— In an action for a divorce and ancillary relief, the defendant

wife appeals from stated portions of an order of the Supreme Court, Kings County (Rigler, J.), dated March 3, 1986, which, *inter alia,* denied certain branches of her cross motion for pendente lite relief, and granted the plaintiff husband's motion for an order temporarily enjoining the defendant from disposing of any personal or real property or moneys in her possession including bearer bonds of the Municipal Assistance Corporation and New York Housing Finance Agency and the bearer bond coupons thereof except to the extent that she was directed to deliver to the plaintiff $10,000 of the face amount of bonds, authorized to redeem an additional $10,000 of the face amount for her own use, and directed to redeem $6,500 of the face amount of the income coupons and deliver $3,250 of that sum to the plaintiff.

Ordered that the order is modified, in the exercise of discretion, (1) by deleting the provisions thereof which directed the defendant to deliver to the plaintiff bearer bonds in the face amount of $10,000 and authorized her to redeem an additional in the face amount $10,000 for her own use, and directed her to redeem income coupons in the face amount of $6,500 and deliver $3,250 of that sum to the plaintiff; and (2) by adding a provision directing the plaintiff to pay to the defendant $300 per week temporary maintenance and past due bills of $824.46 and $285.50 for fuel oil and medical insurance, respectively. As so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Although a speedy trial is ordinarily the proper remedy for inequities in an order of support pendente lite, relief may be granted on appeal where the interest of justice so dictates *(Messina v Messina,* 101 AD2d 856). The court's primary concern in determining an application for temporary maintenance is the respective financial conditions of the parties and the movant's needs for such support pending trial *(Chachkes v Chachkes,* 107 AD2d 786). On the record before us, we conclude that Special Term erred in declining to closely examine the parties' conflicting contentions and simply decreeing a limited division of assets and award of such assets to the plaintiff, which relief was granted without the plaintiff's request. We find on this record that an award of temporary maintenance in the amount of $300 per week to the defendant would be appropriate to meet her needs. While the defendant has failed to substantiate her request for $400 per week for temporary repairs to the marital home, the need for payment of past due bills for fuel and medical insurance has been shown.

The remaining contentions of the parties do not require discussion. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.