OPINION OF THE COURT
Thomas J. Murphy, J.
Lura Hickok (wife) moves this court for an order pursuant to CPLR 3211 dismissing Myron Hickok’s (husband) action to recover money allegedly owed on marital debts incurred during the course of their marriage.
A divorce action was filed by the wife, wherein she seeks equitable distribution of marital property, custody and support *124 of infant children, exclusive use and possession of marital residence and maintenance. The husband has contested his wife’s action for divorce.
He has initiated the instant action based upon his wife’s alleged failure and refusal to pay her portion of joint debts. The husband maintains that these joint obligations are imposing an extreme financial hardship, and in the event that he is successful in contesting the tlivorce action or if defendant wife fails to actively prosecute the divorce action, this action to recover on joint obligations will be his only means of relief. The husband has brought this action to avoid the delay and burden in any subsequent alternative proceeding. The wife asserts that the pending divorce action will determine the parties’ relative responsibilities for marital debts and this action brought by the husband is duplicitous, unnecessary, and brought to harass her.
The court must determine if a separate and distinct action is necessary to determine liability for payment of marital debts or whether relief is available to the parties in the divorce proceeding.
There is no dispute as to the existence of the marital debts. The courts have been willing to allocate liability for debts incurred for marital benefit in the same manner as to achieve an equitable distribution comparable to that of assets (Savage v Savage, 155 AD2d 336, 337 [1989]; see also, Douglas v Douglas, 132 Misc 2d 203, 204-205 [1986]).
The Appellate Division in Birnbaum, v Birnbaum stated the broad, general proposition that " '[w]here a matrimonial action between validly married spouses is dismissed without affirmative relief to either party, [the spouses] generally remain subject to their respective marital obligations.’ ” (34 AD2d 772, 773 [1st Dept 1970].) The prospect of the dismissal of a divorce action because of a plaintiff’s failure of proof did not divest the court of jurisdiction to hear an application for modification of an allegedly deficient pendente lite award of maintenance and other relief (Forbush v Forbush, 115 AD2d 335 [4th Dept 1985]). A plaintiff husband was not permitted to discontinue a matrimonial action if the rights of the defendant wife to support would thus be prejudiced, even though she had an alternative means for the relief sought (supra, at 336). The Forbush court went on to hold that it was an error to deny defendant wife’s application for a final determination on the unresolved aspects of her initial application for pen *125 dente lite relief and that in any matrimonial action the court has the authority to order permanent maintenance to a party notwithstanding a failure of proof on the issue of fault precluding the entry of judgment dissolving the marriage (supra, at 336, 337).
The appellate courts have clearly established that the court may indeed review support questions though no marital relief is granted (see, Maulella v Maulella, 90 AD2d 535 [2d Dept 1982]; see also, Forbush v Forbush, supra). This court has jurisdiction to determine any unresolved support issues which may remain after a dismissal or termination of the divorce proceeding.
The court’s authority in a divorce proceeding to provide for the just allocation of marital debts is well established (Ruvolo v Ruvolo, 133 AD2d 364, 366 [1987]). In the matter before this court the husband contends that the wife is not contributing to the joint marital obligations and any dismissal or cessation of the divorce action would continue the hardship of the plaintiff regarding their joint obligations.
The Appellate Division has recognized that the court’s primary concern in determining an application for temporary maintenance is the respective financial conditions of the parties and included in this determination can be an amount for contribution for outstanding and past due bills (Klein v Klein, 125 AD2d 450, 451 [2d Dept 1986]; see also, Corning v Corning, 126 AD2d 479 [1st Dept 1987]).
Therefore, defendant’s motion to dismiss is granted and plaintiff is granted leave to amend his pleadings in the divorce action to include a claim for contribution for marital debt.