■ ELLEN LAMOTHE, Respondent, v DONALD LAMOTHE, Appellant. [606 NYS2d 772] —In a matrimonial action in which the parties were divorced by judgment dated September 17, 1989, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Woods, J.), entered June 4, 1991, as upon reargument, (1) directed a hearing as to the propriety of his transfer of his one-half interest in certain College Point property and (2) adhered to an original determination, made in an order of the same court, dated March 15, 1991, denying his motion to vacate the divorce judgment, entered upon his default in appearing at the trial, and granting the plaintiff wife's cross motion (a) for sequestration of his one-half interest in the College Point property and (b) for an award of arrears in child support payments.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal from so much of the order dated June 4, 1991, as directed a hearing, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the order dated June 4, 1991, is modified, on the law, by (1) deleting the provision thereof which adhered to the original determination, made in the order dated March 15, 1991, directing the sequestration of the defendant's one-half interest in the College Point property, and substituting therefor a provision vacating that portion of the original determination, and (2) deleting the provision thereof which directs a hearing as to the propriety of the defendant's transfer of his one-half interest in the College Point property; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith, including, if the plaintiff be so advised, joinder of the transferee of the defendant's one-half interest in the College Point property.

In light of husband's history of dilatory conduct in this action, his history of defying court orders, and the unequivocal communication by the trial court of a firm trial date, the Supreme Court properly denied his request for vacatur of the default judgment of divorce (see, O'Donnell v O'Donnell, 172 AD2d 654, 655; Otto v Otto, 150 AD2d 57, 58; Matter of Mitcham v Mitcham, 125 AD2d 473; Wilson v Wilson, 97 AD2d 897, 898; Trippe v Trippe, 113 AD2d 935).

Moreover, in light of the uncontroverted evidence that the husband failed to pay child support, the Supreme Court properly granted the wife an award of child support arrears without conducting a hearing on the issue (see, Felton v Felton, 175 AD2d 794, 795; Scheinkman, 1991 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 244, 1994 Pocket Part, at 322).

The Supreme Court was not required to direct the posting of security as a condition for sequestration of the husband's one-half interest in the College Point property (see, Domestic Relations Law § 243; Beal v Beal, 196 AD2d 471; Rose v Rose, 138 AD2d 475; Dowdle v Dowdle, 114 AD2d 699, 701). However, while the wife's cross motion for sequestration was sub judice, the husband transferred his one-half interest in the College Point property to a third party, without informing either the wife or the Supreme Court. Absent the joinder of the purported transferee, that interest cannot be sequestered, and a hearing on the propriety of the husband's transfer would be futile (see, Glassman v Glassman, 309 NY 436; Rosenberg v Rosenberg, 259 NY 338; Friedman v Friedman, 125 AD2d 539; Smith v Smith, 65 AD2d 757; Patterson v

*Patterson,* 251 App Div 272; *Kunzeck v Kunzeck,* 102 Misc 2d 607).

We have considered the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.