■ ROCHELLE ZEITLIN, Respondent, v EDWARD ZEITLIN, Appellant. [619 NYS2d 658] —In a matrimonial action, the defendant-husband appeals (1) from so much of an order of the

Supreme Court, Nassau County (Murphy, J.), dated September 21, 1992, as, *inter alia,* granted the plaintiff-wife's application for various pendente lite relief, and (2) as limited by his brief, from so much of an order of the same court, dated March 16, 1993, as, upon reargument, substantially adhered to its original determination, and denied that branch of the husband's motion which was, in effect, to vacate an income execution.

Ordered that the appeal from the order dated September 21, 1992, is dismissed, as that order was superseded by the order dated March 16, 1993, made upon reargument; and it is further,

Ordered that the order dated March 16, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances such as where a party is unable to meet his or her financial obligations or justice otherwise requires *(see, Raniolo v Raniolo,* 185 AD2d 974). The general rule continues to be that the proper remedy for any perceived inequity in a pendente lite award is a speedy trial *(see, Gianni v Gianni,* 172 AD2d 487). A review of the particular facts and circumstances of this case indicates that the pendente lite award was not "so prohibitive" as to prevent the defendant from meeting his own financial obligations *(Androvett v Androvett,* 172 AD2d 792). Mangano, P. J., Thompson, Copertino and Hart, JJ., concur.