■ MATTHEW KING, Appellant, v ROSLYN KING, Respondent. [646 NYS2d 377] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Colabella, J.), entered June 26, 1995, which, *inter alia,* granted that branch of the defendant's motion which was for an award of maintenance arrears in the sum of $25,300 pursuant to a prior pendente lite order of the same court, dated September 27, 1993.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In a matrimonial action, the court has the authority to award maintenance, even permanent maintenance, notwithstanding that the marital relationship remained unaltered and that circumstances exist precluding the entry of judgment dissolving the marriage (*see,* Domestic Relations Law § 236 [B] [8] [b]; *Blisko v Blisko,* 149 AD2d 127, 129; *Gunn v Gunn,* 143 AD2d 393, 396; *Forbush v Forbush,* 115 AD2d 335, 337; *Naughton v Naughton,* 92 AD2d 914; *Maulella v Maulella,* 90 AD2d 535; Scheinkman, 1987 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:35, 1996 Supp Pamph, at 147). Where the amount of arrears is shown to be due and unpaid, "[t]he court has no discretion to refuse to enter a judgment for arrears of support" (*Felton v Felton,* 175 AD2d 794, 795).

In this case, the court acted within its authority in granting

that branch of the defendant's motion which was for an award of permanent maintenance notwithstanding the fact that it dismissed the plaintiff's divorce action (*see,* Domestic Relations Law § 236 [B] [8] [b]; *Forbush v Forbush, supra,* at 337; *see also, Blisko v Blisko, supra,* at 129; *Hickok v Hickok,* 150 Misc 2d 123, 125). Moreover, the pendente lite order did not lapse upon dismissal of the divorce action and the defendant was still entitled to obtain a money judgment for arrears due under the pendente lite order (*see, Walis v Walis,* 192 AD2d 598, 601; *Patricia Lynn N. v Vincent Michael N.,* 152 AD2d 547, 548; *Sass v Sass,* 129 AD2d 622, 624).

Further, since the plaintiff failed to demonstrate good cause for his failure to seek modification prior to accrual of the arrears, and did not show good cause for such failure by presenting evidentiary proof sufficient to raise a question of fact, despite his claim of changed circumstances, he was not entitled to a hearing to review the arrears (*see,* Domestic Relations Law § 244; *Paul v Paul,* 200 AD2d 820; *Lamothe v Lamothe,* 200 AD2d 655; *Penziner v Penziner,* 123 AD2d 674).

We have examined the plaintiff's remaining contentions and find them to be without merit. Mangano, P. J., Miller, Sullivan and Florio, JJ., concur.