■ JAMES R. STEERS III, Appellant, v SUSAN STEERS, Respondent. [652 NYS2d 753] —In an action for a divorce and ancillary relief, the plaintiff appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Feuerstein, J.), entered September 2, 1994, as denied those branches of his motion which were to reduce his child support obligation under a pendente lite support order and permit him to withdraw moneys from the parties' joint funds, and granted the wife's cross motion for leave to enter a judgment for arrears in child support, and to modify a prior order of the same court dated December 3, 1993, so as to allow her to retain possession of certain funds originally held in a joint account, and (2) from a judgment of the same court, entered September 29, 1994, which was in favor of the defendant wife and against him for child support arrears in the principal sum of $6,900.

Ordered that the order is affirmed insofar as appealed from, and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Modifications of pendente lite support awards should rarely be made by an appellate court, and then only under clearly

exigent circumstances, such as where the party directed to pay the support is unable to meet his or her financial obligations, or where justice otherwise requires *(see, e.g., Fried v Fried,* 225 AD2d 584; *Zeitlin v Zeitlin,* 209 AD2d 613, 614; *Gitter v Gitter,* 208 AD2d 895). The general rule continues to be that the proper remedy for any perceived inequity in an award of support made pendente lite is a speedy trial *(see, Forbush v Forbush,* 115 AD2d 335).

The plaintiff husband, an experienced civil engineer, failed to establish his entitlement to the relief requested, a downward modification of his obligation to pay pendente lite child support and leave to invade marital assets for his own maintenance, on the ground that he had no income *(cf., e.g., Sloan v Sloan,* 127 AD2d 650; *Klein v Klein,* 125 AD2d 450). Although it appears that a construction project on which he was employed terminated in December 1993, the record reflects that the husband collects investment income of some $60,000 a year from his 18% interest in a subchapter "S" corporation, and that in 1994 he incorporated his own construction business. To the extent that the latter enterprise initially generated less income than might have been realized had the husband sought new employment, any alleged hardship was self-inflicted *(see, e.g., Kay v Kay,* 37 NY2d 632; *Stempler v Stempler,* 200 AD2d 733; *Matter of Kronenberg v Kronenberg,* 101 AD2d 951; *Matter of Doscher v Doscher,* 80 AD2d 945, *affd* 54 NY2d 655). In any event, the husband submitted no evidence to support his contention that his new business is not prospering, and made no showing of any good faith efforts to secure an income commensurate with his qualifications and experience *(see, e.g., Stempler v Stempler, supra; Epel v Epel,* 139 AD2d 488).

We have considered the husband's remaining contentions and find them to be without merit. O'Brien, J. P., Florio, McGinity and Luciano, JJ., concur.