OPINION OF THE COURT
Joseph J. Maltese, J.
The defendant mother by order to show cause moves for: (a) an upward modification of maintenance of this court’s pendente lite decision and order, dated October 14, 1997; (b) a judgment in arrears of $600; (c) a qualified domestic relations order *359 (QDRO) directing the automatic deduction of child support and maintenance from the plaintiffs pension; (d) an award of college tuition; (e) an award of counsel fees in the sum of $17,050; (f) sanctions; and (g) an order directing the plaintiff to cooperate in the refinancing of the marital home or naming Joan Graves as receiver of the property.
Factual Background
The parties were married on June 16, 1979. There is one child of the marriage, Gregory, age 18. The defendant mother is 44 years old. She receives approximately $847 per month from Social Security due to a disability. The plaintiff father is 54 years old and receives $3,749 per month from a New York Police Department three-quarter disability pension.
The plaintiff father commenced a divorce action on July 31, 1990. Litigation proceeded and discovery was had on this action. It appears that this action was abandoned by the plaintiff and a new action for divorce based on abandonment was started on February 10, 1996. This court on October 14, 1997 awarded the defendant $400 per month in temporary maintenance and $636 per month in child support. The court also ordered the plaintiff to pay his son’s high school tuition and ordered that college tuition would be paid pro rata based on the parties’ income limited by the tuition charges of the State University of New York or the City University of New York, whichever is greater.
On January 28, 1998, this court after trial dismissed the plaintiffs action. The plaintiff alleged that his wife abandoned him when she received a temporary order of protection from the Family Court barring him from the marital home. In this case the defendant wife did not use self-help, but proceeded correctly by obtaining an order of protection from the Family Court, rather than “locking out” the defendant as he alleged.
To say that a Family Court order of protection creates a cause of action is contrary to the intent of the Legislature.[1] The claim of actual abandonment is created when there is an *360 unjustified, voluntary separation or departure with an intention on the part of the separating or departing spouse not to return (Bazant v Bazant, 80 AD2d 310 [4th Dept 1981]). While an action for abandonment also is created when one spouse unjustifiably excludes the other from the marital home, that is not the case here (Schine v Schine, 31 NY2d 113 [1972]). When a spouse, however, is justified by fear for her life or safety her action of barring her husband from the marital home by changing the locks is not an abandonment (Yaron v Yaron, 84 Misc 2d 644 [Sup Ct, NY County 1975]).
The Legislature did not create an action for divorce by authorizing the Family Court to issue temporary orders of protection. This court enunciated on the record that “It is ludicrous to take that position.” It now reiterates that finding. The public policy of this State as pronounced in its statutes, duly enacted by the Legislature and the Governor, has not created in Domestic Relations Law § 170 (2) a cause of action for divorce based upon the abandonment by the wife of the husband where she seeks the assistance of the Family Court which orders the husband removed from the marital home by way of an order of protection. To assert that such dramatic action by a court to protect a spouse from the harassment, abuse, or potential assault of the other spouse creates a cause of action in abandonment is absurd.
Rather than abandon this position, the plaintiff husband demanded a trial on the merits with the obvious result that his cause of action was dismissed for failure to make out a cause of action (CPLR 3211 [a] [7]; Domestic Relations Law § 170 [2]).
On June 2, 1998, the plaintiff father moved to Florida. The plaintiff may later seek to obtain a dissolution of the marriage in Florida. However, since the wife and child of the parties, together with the other marital assets, are all located in New York, this court will retain jurisdiction over the maintenance (alimony), child support, equitable distribution and other ancillary matters concerning the parties.
Postdismissal Relief
The Supreme Court of the State of New York is a State-wide court of unlimited original general jurisdiction (NY Const, art VI, § 7 [a]). The Supreme Court also has exclusive subject matter jurisdiction over divorce actions. While the issues of maintenance, child support, custody and visitation may be handled by the Family Court, especially where there is no action for divorce pending in the Supreme Court, the Supreme Court is not without power to adjudicate these issues.
*361 A court may make an award of maintenance, even permanent maintenance, notwithstanding the fact that it dismissed the plaintiffs divorce action (Domestic Relations Law § 236 [B] [8] [b]; King v King, 230 AD2d 775 [2d Dept 1996]; Dong Kim v Yong Ja Kim, 170 Misc 2d 968 [Sup Ct, Suffolk County 1996]). Additionally, the pendente lite order does not lapse upon the dismissal of the divorce action (King v King, supra).
Maintenance
At the time this court awarded temporary maintenance the defendant mother was receiving $424 per month more in Social Security disability than she is now. On May 7, 1998, her son reached 18 years old and the portion of her benefits attributable to him was terminated. The defendant mother currently receives $847 per month in Social Security. The defendant mother’s monthly expenses are $4,000. The defendant asks that this court increase her maintenance award by the $424 she “lost” when her son turned 18.
The plaintiff states that since his son will be living in a dormitory at Siena College she does not need this extra money which was for Gregory’s benefit. He also states that the defendant had worked as a store manager for a tanning and nail salon from September 1988 until July 1997 when she left to return to school at the Seymour Joseph Institute of American Sign Language. Attached as an exhibit to his motion is a copy of the defendant’s resume which lists her as the receptionist/ manager of Sun Sational Tanning and Nail Salon from September 1988 to July 1997.
The defendant contests the legitimacy of this resume. However, she does say in her reply papers that this document might have been obtained from her son’s hard-drive while the husband was fixing her son’s computer. Joan Graves states that she “prepared a resume that resembled the resume” which the plaintiff provided the court “for the sole purpose of meeting with an individual to volunteer as a sign language interpreter.” She states that she never worked at the Sun Sational Tanning and Nail Salon and attaches an affidavit from an owner of the salon swearing that she never worked there.
This court has insufficient evidence to impute any income to the wife. The amounts of “additional” money the defendant mother received from Social Security were for the benefit of the parties’ son. Since the parties’ son will no longer be living at home for the majority of the year and will be away at school, her request for an upward modification of maintenance is denied.
*362 Child Support and College Tuition
All parties agree that the amount of the plaintiffs pension is still the same and the plaintiff agrees he will continue to pay the $636 per month in child support that was previously ordered by this court. He also agrees to pay the statutorily ordered 17% of whatever additional income he makes while in Florida. Therefore, the plaintiff is ordered to pay $636 per month in child support plus 17% of any additional income he receives by whatever source derived (Domestic Relations Law § 240 [1-b] [b] [3] [i]).
The child of the marriage, Gregory, was accepted at Siena College in New York. The tuition, room and board totals $20,000 per year. With grants and a scholarship the actual cost for his freshman year is $8,000.
College education is an additional obligation beyond basic child support. The selection of posthigh school education for children is traditionally a joint decision made by the child and the parents, especially when either or both parents are contractually obligated to pay for all or part of the expenses. Where the parents unreasonably refuse to obligate themselves to pay for such education, the court may impose such an obligation upon them. The criteria were: (1) will the child benefit from the education; (2) does the child have the aptitude for such training; (3) is there precedent for such higher education by the parents and/or other sibling; and (4) is there the financial ability to pay for it (Frankel v Frankel, 82 AD2d 796 [2d Dept 1981]). However, in Manno v Manno (196 AD2d 488, 491 [2d Dept 1993]) the Appellate Division, Second Department, stated that “In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice” (see also, Cohen v Cohen, 203 AD2d 411 [2d Dept 1994]).
It was clearly the intention of both parties that their son, who attended a private high school, attend college. The father voluntarily paid his son’s tuition at the private high school and represented to his son that he would finance college. Additionally, the plaintiff on his June 10, 1996 statement of net worth listed an “annuity son’s college” in the sum of $20,000. However, that amount no longer appears on his June 4, 1998 statement of net worth. It is also clearly in his son’s best interest that he attend college. The plaintiff states that he will abide by this court’s prior decision and pay his pro rata share of the remaining college tuition.
*363 It appears that there was a good relationship between the father and son and that the father made himself the fiduciary of the funds which he himself earmarked to pay his son’s tuition. It appears that it was always the father’s intention to finance his son’s tuition and that he promised his son that he would do so. A parent may bind himself to pay college expenses by an agreement (Dompkowski v Dompkowski, 159 AD2d 1021 [4th Dept 1990]). The existence of an annuity to pay for same is compelling evidence of that intent. Therefore, this court will modify its prior order and now orders the plaintiff to pay for this year’s tuition, room and board at Siena College and to pay for the following years until the $20,000 he set aside is exhausted. Thereafter, the father shall continue to pay the tuition, but will receive a credit in child support for the actual cost of room and board per month while his son is away at school (see, Guiry v Guiry, 159 AD2d 556 [2d Dept 1990]) until the child reaches 21 years of age.[2]
The plaintiff is ordered to pay the child support and maintenance awarded by this decision directly to the defendant. If he is more than 15 days late on any payment, three or more times, then the defendant may submit to this court a QDRO directing that the amounts be paid directly from his pension to the defendant with an affidavit outlining the missed or late payments.
Arrears
The defendant is awarded a monetary judgment in the amount of $636 against Howard Graves for arrears from August 1, 1997 through May 1, 1998.
Marital Home
The defendant wishes to refinance the marital home located at 51 Sunfield Avenue where she is currently paying a mortgage rate of ll[1]/4%.
The plaintiff asks that this court order the sale of this home in light of their son no longer living there and split the proceeds of the sale equally.
This court is presently without the authority to distribute the marital assets in this action as it has dismissed the divorce action and cannot order the sale absent an agreement of the parties until a judgment for divorce or dissolution is entered *364 either in this State or in any other jurisdiction. However, since the high mortgage rate directly affects the payments that the wife must make, the plaintiff is ordered to cooperate fully in the refinancing of 51 Sunfield Avenue and to sign any documents necessary to effectuate same, immediately. Any closing expenses shall be split equally between the parties.
Counsel Fees
After examining the financial circumstances of both parties, the merits of this case and affidavits as to counsel fees, this court awards John Fusco, Esq., of the law firm of Russo, Fusco, Scamardella & D’Amato $15,000 in counsel fees. A judgment in that amount shall be entered against Howard Graves.

. In New York there are only six grounds for divorce: (1) cruel and inhuman treatment; (2) abandonment for a period of one or more years; (3) confinement of the defendant in prison for three or more consecutive years; (4) adultery; (5) husband and wife lived apart pursuant to a judgment of separation for one or more years; or (6) husband and wife lived apart pursuant to a written agreement of separation for one or more years (Domestic Relations Law § 170). New York, unlike Florida and all of the other States, does not have a no-fault divorce law (see, NY St Bar Assn, Report of Task Force on Family Law, Aug. 19, 1996 [arguing for the creation of a no-fault divorce]).

. A parent’s duty to support children terminates upon the child’s 21st birthday. (See, Domestic Relations Law § 240 [1-b] [b] [2]; Ames v Ames, 212 AD2d 653 [2d Dept 1995]; Vicinanzo v Vicinanzo, 193 AD2d 962 [3d Dept 1993].)