■ Jose A. Ayala, Respondent, v Maria G. Ayala, Appellant. [830 NYS2d 160]—

In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), dated August 5, 2005, as, without a hearing, granted that branch of the plaintiff husband's motion which was to appoint a receiver for the purpose of selling certain property jointly owned by the parties.

Ordered that the order is reversed insofar appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing and new determination of that branch of the motion which was to appoint a receiver for the purpose of selling certain property jointly owned by the parties.

In this case, the Supreme Court issued an order which, inter alia, referred that branch of the husband's motion which was to appoint a receiver to compel the wife to purchase the husband's share in a parcel of real property to a Judicial Hearing Officer (hereinafter JHO) to hear and report. However, the JHO never held a hearing and simply recommended that a receiver be appointed. The Supreme Court thereafter confirmed this recommendation. The JHO should have held the hearing as directed by the Supreme Court (see Post v Post, 141 AD2d 518 [1988]; Forbush v Forbush, 115 AD2d 335 [1985]). Moreover, under all of the facts and circumstances of this case, a hearing was necessary prior to determining that branch of the motion in issue. Santucci, J.P., Goldstein, Skelos and Lifson, JJ., concur.