(June 6, 1967)

LEWIS S. ROSENSTIEL, Appellant-Respondent, v. SUSAN L. ROSENSTIEL, Respondent-Appellant. SUSAN L. ROSENSTIEL, Respondent-Appellant, v. LEWIS S. ROSENSTIEL, Appellant-Respondent.

Concur — Botein, P. J. and Capozzoli; Rabin, J., dissents in part in a memorandum and McNally and McGivern, JJ., concur and dissent in part in a memorandum by McNally, J. Rabin, J. (dissenting in part). I dissent from the portion of this court's determination which increases the provision for the support of the wife to $8,000 monthly ($96,000 yearly), before taxes. Trial Term awarded $2,400 monthly, after taxes, which amount is asserted to be the equivalent of $58,650 yearly, before taxes. I would affirm that award. I realize

that there is no way of fixing an amount for the support of a wife that could be said to be exactly correct. Arriving at an acceptable figure, particularly in a case of this kind presents great difficulties. However, once an amount has been fixed, it is less difficult to recognize whether it is sufficient in the circumstances. I believe the sum of $2,400 monthly, after taxes, which was fixed by the Trial Term, is quite sufficient to meet the husband's obligations in the circumstances of this case. The award given here was made under section 236 of the Domestic Relations Law. The design of the Legislature in enacting section 236 is best stated by Justice EAGER in *Brownstein* v. *Brownstein* where he says: "The use of the phrase ['as justice requires'] is clearly indicative of an intent to vest the court with a broad discretion, unfettered by '"matter of law" requirements', so as to enable it to make such directions as are required in the interest of justice. (See *Vanderbilt* v. *Vanderbilt*, 1 N Y 2d 342, 353, *supra*.)" (25 A D 2d 205, 207-208). I do not think that justice was undermined when Trial Term allowed this defendant a mere $2,400 a month, after taxes. Such allowance puts her among those who are in the highest brackets in the country. There is no requirement that she get all that her husband can afford to give. Nor is there any requirement that the wife be made a partner to the husband's affluence. (See *Brownstein* v. *Brownstein*, *supra*.) The award made by Trial Term amply fulfills the requirements of justice. McNally, J. (concurring and dissenting in part). I concur in the modification increasing the alimony to $96,000 annually, but would provide that the alimony be retroactive to October 19, 1961. There is no logic, in my opinion, for the deprivation of support for the four-year and two-month period from the date of appellant's abandonment of respondent on October 19, 1961, to January 28, 1966, the date the case was restored to the calendar for the determination of the amount of support. There is ample support in the cases for the award of retroactive support. (*Harris* v. *Harris*, 259 N. Y. 334, 337; *McCarthy* v. *McCarthy*, 143 N. Y. 235, 240-241; *Forrest* v. *Forrest*, 25 N. Y. 501, 514; *Horter* v. *Horter*, 177 App. Div. 827.) One of the reasons that impelled the appellant not to move for interim support and counsel fees was the fact that she awaited final determination of the validity of the Mexican decree of divorce under restraint of the judgment herein dated June 9, 1964. It seems to me to be unjust that she should be penalized for so doing, when one takes into consideration that the husband was utilizing a substantial part of this period in establishing a basis for annulment grounded on the fraudulent vacatur of defendant's prior Mexican divorce. A contract to relieve the husband from liability to support his wife is illegal. (General Obligations Law, § 5-311.) Nevertheless, the majority concludes that defendant wife may, without justification, be deprived of support during the pendency of marital litigation instituted by plaintiff husband. The power to award retroactive support is clear. Its exercise is not a matter of judicial grace; it is a matter of judicial discretion. (*Forrest* v. *Forrest*, *supra*, p. 520.) A careful examination of this record, in my opinion, fails to reveal any basis for relieving plaintiff, even partially, of his obligation to support the defendant. The award of counsel fees, as I see it, is inadequate and unreasonable. Plaintiff has paid former counsel the sum of $445,000; this does not include services of present counsel in this protracted, involved and multilateral litigation with defendant. Plaintiff imposed on defendant the necessity of employing counsel of extraordinary professional capacity to resist plaintiff's involved, unremitting and often fraudulent claims. Defense of the action required the retention of legal experts on Mexican law. The judgment herein evaluates the services of the experts at $40,000. Defendant's disbursements have been $42,200. After provision for disbursements and experts, the allowance of $282,200 to defendant's counsel

is reduced to $200,000. A total of 6,539 hours have been devoted by defendant's counsel to this litigation. The award, therefore, is at the rate of approximately $30 per hour. There is a point at which one may conclude an award for legal services is not reasonable. We should judicially notice it is unreasonable to assume that legal services of the nature and extent here involved are available at this hourly rate. An hourly rate of less than $75 for such legal services is, in my opinion, inadequate and unreasonable. In addition, defendant should be awarded the disbursements and the fees for the legal experts. Settle order on notice.