■ LLOYD C. NICHOLSON, Appellant, v MURLENE NICHOLSON, Respondent. — In a matrimonial action, the plaintiff husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Linakis, J.), dated May 21, 1981, as dismissed his complaint, which sought a divorce on the ground of constructive abandonment. Judgment affirmed insofar as appealed from, with costs. Special Term properly dismissed the complaint. Plaintiff failed to demonstrate at the trial that he did not consent to the failure of himself and his wife to engage in sexual relations for a period of more than seven years. His own testimony revealed that following the incident of July 4, 1973, during which the defendant refused to have sexual relations with him, he never asked her to have sexual relations with him again. Accordingly, the plaintiff has failed to support his claim that the defendant constructively abandoned him (see *Hammer v Hammer,* 41 AD2d 831, affd 34 NY2d 545; *Solomon v Solomon,* 290 NY 337; see, also, *De Angelis v De Angelis,* 54 AD2d 1088; *Levy v Levy,* 53 AD2d 833; *Rossiter v Rossiter,* 92 Misc 2d 342). Weinstein, J. P., O'Connor, Bracken and Rubin, JJ., concur.

■ NORTH EAST INSURANCE COMPANY, Appellant, v ALLEGRETTA MOTEL, INC., et al., Respondents. — In an action for a declaratory judgment, plaintiff insurance company appeals from so much of an order of the Supreme Court, Suffolk County (Stark, J.), dated January 9, 1981, as denied its motion for a protective order against disclosure of certain documents sought by defendants. Order reversed insofar as appealed from, with one bill of $50 costs and disbursements, and plaintiff's motion for a protective order is granted to the extent of any materials created after the date on which plaintiff received written notice that the accident in question occurred, except for any accident reports whenever made, and the motion is otherwise denied. Since plaintiff insurance company was notified of the accident approximately one year after its occurrence, and the insurance policy required notification "as soon as practicable", the insurance company had a substantial bona fide reason to investigate the legitimacy of the loss and any reports and investigations subsequently obtained were prepared for litigation. (*Rossi v Hartford Fire Ins. Co.,* 72 AD2d 548; CPLR 3101, subd [d].) Any accident reports made by plaintiff, whenever made, however, are subject to disclosure (*Pataki v Kiseda,* 80 AD2d 100, mot for lv to app dsmd 54 NY2d 606; CPLR 3101, subd [g]). Weinstein, J. P., O'Connor, Bracken and Rubin, JJ., concur.