■ PETER C. FREDERICK, Respondent, v NANCY D. FREDERICK, Appellant. — Appeal from an order of the Supreme Court at Special Term (Viscardi, J.), entered September 27, 1982 in Clinton County, which denied defendant's motion to dismiss the complaint for failure to state a cause of action. This is an action for divorce brought by the husband and based on his wife's alleged cruel and inhuman treatment of him. The parties were married in 1952 and the four children of the marriage have all reached the age of 21. The complaint, *inter alia,* alleges that defendant initiated arguments which escalated into bitter ones; that defendant attempted to hit plaintiff with her hand; that defendant drank to excess; and that defendant's actions have caused plaintiff to become nervous and upset and he is unable to cohabit with defendant. Defendant denied the allegations of the complaint and demanded more specific allegations as to the alleged cruel and inhuman treatment. In the bill of particulars, plaintiff alleged that defendant caused continuous arguments; that she was involved in her own world; that she became deeply involved with alcohol and became a problem drinker; that she physically assaulted plaintiff on several occasions; that she frequently criticized him; and that there was a lack of caring on defendant's part and sexual problems surfaced. Defendant then moved pursuant to CPLR 3211 (subd [a], par 7) to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. Special Term denied the motion and this appeal ensued. We are here concerned with whether plaintiff has stated a cause of action not whether the cause of action can be proved (*Gabrielle v Craft,* 75 AD2d 939). All of the allegations of the complaint are assumed to be true and are to be most liberally construed in favor of plaintiff (*Bervy v Hotaling,* 88 AD2d 735). The allegations contained in the bill of particulars must also be taken into account (*Nader v General Motors Corp.,* 25 NY2d 560). A divorce based on cruel and inhuman treatment requires conduct on the part of defendant that so endangers the physical and mental well-being of the plaintiff as to render it unsafe or improper for the plaintiff to cohabit with the defendant (Domestic Relations Law, § 170, subd [1]). A fair reading of the complaint demonstrates that plaintiff has alleged a cause of action. Consequently, Special Term properly denied the motion to dismiss. Order affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.