■ DONALD D. CASALE, Appellant, v LINDA M. CASALE, Respondent. — In a matrimonial action, the plaintiff husband appeals from so much of a judgment of the Supreme Court, Nassau County (Burke, J.), dated August 20, 1984, as (1) granted the defendant wife's counterclaim for a divorce on the ground of constructive abandonment, (2) directed plaintiff to pay maintenance to the defendant of $200 per week for a period of four years, and (3) awarded defendant the sum of $2,000 in counsel fees.

Judgment modified, on the law, by deleting so much of the first decretal paragraph thereof as granted the defendant a divorce on the ground of constructive abandonment, and substituting therefor a provision dismissing defendant's cause of action for divorce on the ground of constructive abandonment. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements.

To constitute constructive abandonment within the meaning of Domestic Relations Law § 170 (2), the conduct of a spouse

must be unjustified and without the consent of the complaining spouse (*Schine v Schine,* 31 NY2d 113; *Del Galdo v Del Galdo,* 51 AD2d 741). The trial court's determination that the plaintiff left the marital residence because of defendant's cruel and inhuman treatment of him was supported by the evidence and barred defendant's cause of action for constructive abandonment based upon his departure (*Del Galdo v Del Galdo, supra*).

Turning to the issue of maintenance, the evidence established that the defendant wife, who has only a ninth grade education, worked primarily as a switchboard operator to provide for the parties' household expenses throughout the first three years of the marriage while the plaintiff attended law school; that the parties separated only about one year after plaintiff completed his education and obtained his first job as an associate at a law firm; and that the parties had expressly agreed at the outset of the marriage that in exchange for her financial support during plaintiff's law school years, defendant would later be given the opportunity to complete her high school education and any training she might need in the field of animal care, her preferred field of interest. In fashioning its maintenance award of $200 per week for a period of four years, the court properly took into consideration defendant's contributions which enabled plaintiff to secure his present professional status and income-producing capability, the defendant's need to become educationally and technically equipped to improve her prospects in today's job market, and the plaintiff's obligation to pay for such education and training so that defendant will achieve a fully self-supporting status, as the parties themselves originally contemplated (*see, O'Brien v O'Brien,* 106 AD2d 223; *Conner v Conner,* 97 AD2d 88, 100-101; *Lesman v Lesman,* 88 AD2d 153, *appeal dismissed* 57 NY2d 956). We find that the court struck a proper balance here between the defendant's needs and her present and future capacity to be self-supporting and the plaintiff's ability to pay for her support and rehabilitation. Moreover, the court did not abuse its discretion in failing to consider the role of marital fault in fixing the amount of maintenance (*see, Blickstein v Blickstein,* 99 AD2d 287). Finally, the sum of $2,000 in counsel fees awarded to the defendant was reasonable. Lazer, J. P., Bracken, O'Connor and Brown, JJ., concur.