■ CHARLES GUNN, Appellant, v INGEGERD GUNN, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Brucia, J.), dated March 24, 1987, which, *inter alia,* (1) dismissed his cause of action for a divorce on the ground of the defendant wife's constructive abandonment of him, upon the wife's motion made after the close of the plaintiff's evidence at a nonjury trial on this cause of action only, and (2) after a nonjury trial on the wife's counterclaims (a) awarded the wife maintenance in the sum of $140 per week commencing February 21, 1986, and continuing until the wife remarries, (b) awarded the wife child support in the sum of $70 per week for each of the parties' two infant issue, for a total sum of $140 per week commencing January 21, 1987, until each child reaches the age of 21 years or is otherwise emancipated, and (c) awarded the wife the sum of $5,000 in counsel fees.

Ordered that the judgment is modified, by deleting the first decretal paragraph thereof and substituting therefor a provi-

sion denying the defendant's motion to dismiss the plaintiff's cause of action for a divorce on the ground of constructive abandonment; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the husband's cause of action for a divorce on the ground of constructive abandonment.

The parties were married in Sweden on November 8, 1969, and have two children, Michelle, born March 6, 1971, and William, born October 19, 1972. The defendant wife was born in Sweden on November 7, 1943, and the plaintiff husband, an American citizen, was born on March 5, 1947. Since 1978 the parties have resided in Nassau County. They purchased a one-family house in October 1982, located in Uniondale. The husband vacated the marital residence in May 1985 and on June 19, 1985 commenced this action for a divorce. In his complaint, the husband alleged, *inter alia,* that commencing in 1983 and continuing to the time of the complaint, the wife physically abandoned him and unjustifiably refused to live with him as man and wife and to continue her marital duties, without his consent and despite his repeated requests. The wife interposed an answer generally denying the husband's allegations and asserting counterclaims, *inter alia,* for maintenance, child support, and counsel fees. In August 1985 the wife left the marital home and moved with her children to an apartment in Baldwin. During the course of the proceedings, on February 20, 1986, pursuant to a stipulation of the parties, the marital residence was sold.

Previously, by order dated October 1, 1985, the court granted the wife's motion for pendente lite relief, directing the husband, *inter alia,* (1) to pay the carrying costs on the marital residence pending its sale, as well as a total sum of $75 per week to the wife as child support; and (2) following the sale of the marital premises, to pay the wife $100 per week child support and, in addition, $75 per week in maintenance.

Separate trials were held on the husband's cause of action for divorce, and on the wife's counterclaims. At the close of the husband's evidence on the claim of constructive abandonment, the court granted the wife's motion for a dismissal of the husband's cause of action. Thereafter, prior to the trial on the wife's counterclaims, on October 31, 1985, a stipulation of the parties was read into the record whereby, *inter alia,* the husband agreed to pay the wife $115 per week in child support commencing November 1, 1985, and continuing until

the trial of the wife's counterclaims, which commenced on August 27, 1986.

On this appeal, the husband challenges the court's dismissal of his cause of action for divorce, and the awards to the wife of maintenance, arrears of maintenance to the date of the sale of the marital residence, child support, and certain counsel fees.

We find that the court improvidently exercised its discretion in dismissing the husband's cause of action for a divorce based upon constructive abandonment. The husband presented a prima facie case based upon his unrefuted testimony that commencing in cr about March 1983 and continuing until May 1985 when the wife ordered him to leave the marital residence, the wife consistently and without justification or his consent, refused to have sexual relations with him (see, Domestic Relations Law § 170 [2]; Schine v Schine, 31 NY2d 113, rearg denied 31 NY2d 805; Nicholson v Nicholson, 87 AD2d 645).

Further, we find that the amount of the court's awards of maintenance and child support is reasonable in light of the parties' respective economic circumstances. We note that the determination of the court is based in part on its assessment of the parties' credibility, to which we defer (see, Day v Day, 112 AD2d 972). Moreover, the record supports the court's findings that the wife has a fixed, limited income, that she is in need of assistance to meet the expenses for herself and the children, and that the husband has a superior earning capacity not bound by a rigid salary schedule. The court properly determined the amount of maintenance and child support based upon the husband's ability to provide for his wife and children, rather than, as he argues, by his current claimed economic situation (see, e.g., Kay v Kay, 37 NY2d 632, 637; Hickland v Hickland, 39 NY2d 1, rearg denied 39 NY2d 943, cert denied 429 US 941).

With respect to the retroactive award of maintenance, we also find that under the circumstances of this case, the court properly determined that the award of maintenance should be retroactive to the date of sale of the marital residence, February 20, 1986 (Domestic Relations Law § 236 [B] [6] [a]; Khalily v Khalily, 99 AD2d 482). As the court pointed out in its memorandum decision, the wife was granted a temporary award of maintenance pursuant to an order dated October 1, 1985, directing the husband to pay the carrying charges on the marital residence pending its sale. Once that obligation

ceased, the wife was entitled to receive financial assistance in covering her living expenses *(cf., Lobotsky v Lobotsky,* 122 AD2d 253).

As to the award of $5,000 to the wife for counsel fees, we find that the court properly considered the ability of each of the parties to pay their respective counsel and note that the award was substantially less than the wife requested. We find no basis to conclude that the court improvidently exercised its discretion on this issue *(see, Erdheim v Erdheim,* 119 AD2d 623, *lv denied* 68 NY2d 607).

As a final note, we observe that the trial court could properly determine the issues of custody, child support, maintenance and attorneys' fees notwithstanding the fact that no judgment was entered dissolving the marriage *(see, Naughton v Naughton,* 92 AD2d 914; *Maulella v Maulella,* 90 AD2d 535, 537; *see also, Forbush v Forbush,* 115 AD2d 335, 337, *mot to dismiss appeal granted* 67 NY2d 756; Scheinkman, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, 1988 Pocket Part, Domestic Relations Law C236B:35, at 20). However, at this juncture, since the parties remain legally married, any issue as to the duration of the maintenance award is not properly before us. Mangano, J. P., Thompson, Lawrence and Eiber, JJ., concur.