ELI BLISKO, Respondent, v ESTHER BLISKO, Appellant.

Second Department, August 21, 1989

---

APPEARANCES OF COUNSEL

*Clair & Daniele (Bernard E. Clair* of counsel), for appellant.

**OPINION OF THE COURT**

HARWOOD, J.

In *Gunn v Gunn* (143 AD2d 393, 396), we suggested that,

where the Supreme Court enters judgment denying matrimonial relief, it is premature to fix a durational limit on any maintenance awarded to one spouse payable by the other. We now directly hold that, absent a judgment altering the marital relationship, the Supreme Court is without authority to prospectively limit spousal maintenance.

The plaintiff husband and the defendant wife were married in 1973, shortly after the defendant graduated from high school. Their only child, a daughter, was born in 1975. The plaintiff departed from the marital residence in October 1984 and thereafter commenced this action for a divorce and ancillary relief, which he based on the defendant's alleged "sexual abandonment" of him. Although defendant counterclaimed for certain financial relief, she did not counterclaim for a divorce. By stipulation, the parties resolved the issues of custody and visitation. They also agreed that determination of equitable distribution issues would await the outcome of trial on the plaintiff's prayer for divorce and the defendant's requests for maintenance and child support.

According to the evidence adduced at the bifurcated trial, the plaintiff, who was at that time 36 years old, is an insurance broker who earns approximately $200,000 per year. The defendant, about 33 years of age at the time of trial, has not, except for a brief period at the outset of the marriage, worked outside the home. She has periodically taken college level courses and testified at the trial that she was interested in both journalism and social work. She also testified that she intended to complete her college education and estimated it would take her three years to do so.

In its decision after the trial, the Supreme Court held that the plaintiff failed to prove his entitlement to a divorce and accordingly directed dismissal of his complaint. It also, *inter alia,* directed that plaintiff pay the defendant specified amounts, not now at issue, for child support and for maintenance. With respect to the award of maintenance, however, the Supreme Court limited that award to a three-year period, finding that in that time the "defendant shall have the opportunity to complete her education and obtain the vocational training required to become self-supporting". A judgment embodying the Supreme Court's decision, including the presently challenged durational limit on maintenance payments, was thereafter entered.

Prior to enactment of the "Equitable Distribution" Law *(see,*

Domestic Relations Law § 236 [B], added by L 1980, ch 281, § 9), the Supreme Court was empowered to award "alimony" to a needy spouse not guilty of marital fault, notwithstanding that matrimonial relief was denied (see, Domestic Relations Law § 236 [A]; see also, Rosenstiel v Rosenstiel, 28 AD2d 651, affd 20 NY2d 925). It could not, however, prospectively terminate the obligation to pay alimony (cf., Gandelman v Gandelman, 39 AD2d 727). By its enactment of Domestic Relations Law § 236 (B), the Legislature preserved the Supreme Court's authority to award maintenance, notwithstanding that the marital relationship remained unaltered (cf., Domestic Relations Law § 236 [B] [8] [b]; see, Gunn v Gunn, supra; see also, Forbush v Forbush, 115 AD2d 335, 337; Scheinkman, 1987 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:44, at 64 [1989 Pocket Part]). It also explicitly expanded the Supreme Court's power so as to include the authority, under appropriate circumstances, to limit the duration of maintenance payments to a definite period of time (see, Domestic Relations Law § 236 [B] [1] [a]; [6]). We conclude however that the Legislature did not intend to abrogate the obligation of one spouse to support another (see, Family Ct Act § 412) and therefore determine that the exercise of the newly conferred power to fix a durational limit on maintenance awards is confined to instances where the marital relationship is judicially altered. To hold otherwise would be contrary to established public policy as otherwise expressed (Family Ct Act § 412; see, McKinney's Cons Laws of NY, Book 1, Statutes §§ 126, 153, 221, 222; cf., Matter of Steinberg v Steinberg, 18 NY2d 492) and would require the Supreme Court to regard a marriage as financially ended when legally it is not (cf., McKinney's Cons Laws of NY, Book 1, Statutes § 141). As noted by Professor Scheinkman in his Practice Commentaries to Domestic Relations Law § 236 (B): "[a] durational limitation on maintenance is appropriate in the context of planning for all aspects of the parties' separate, post-marriage economic existence. The durational limitation is but part of an economic package which includes property distribution. Where the marital tie is not severed, mutual support obligations persist, marital property is not equitably distributed, and the same level of permanency does not attach to the result" (Scheinkman, 1988 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:10, at 29 [1989 Pocket Part]).

Accordingly, the judgment is reversed insofar as appealed

from, on the law, with costs, the words "or a period of three (3) years from the date of the entry of the judgment hereof" are deleted from the third decretal paragraph thereof and a provision directing that the plaintiff's obligation to pay maintenance shall terminate in the event of the death of either party or upon modification pursuant to Domestic Relations Law § 236 (B) (9) or § 248 is substituted therefor.

MANGANO, J. P., BRACKEN and SPATT, JJ., concur.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the words "or a period of three (3) years from the date of the entry of the judgment hereof" are deleted from the third decretal paragraph thereof and a provision directing that the plaintiff's obligation to pay maintenance shall terminate in the event of the death of either party or upon modification pursuant to Domestic Relations Law § 236 (B) (9) or § 248 is substituted therefor.