■ DAVID MALACOW, Appellant, v CONSOLIDATED RAIL CORPORATION, Respondent.—Judgment, Supreme Court, New York County (Francis Pecora, J.), entered on March 23, 1989, after a jury trial, in favor of defendant Consolidated Rail Corporation, dismissing the plaintiff's complaint, unanimously affirmed, without costs.

Plaintiff, a former brakeman-conductor for the defendant, commenced the underlying action seeking monetary damages for personal injuries he allegedly sustained on November 13, 1984 when he tripped and fell on a broken step that was allegedly bent at a 45-degree angle, while attempting to board defendant's engine No. 7546. Specifically, plaintiff alleged that the accident and resulting injuries were due solely to the negligence of the defendant, its agents, servants and employees, in failing to inspect and properly maintain its equipment, in violation of the Boiler Inspection Act (45 USC § 22 *et seq.)* After hearing extensive testimony from both sides as to the alleged cause of the accident and the nature and extent of the injuries sustained by the plaintiff, the jury rendered a verdict in favor of the defendant, dismissing plaintiff's complaint.

On this record we find that there is no basis to disturb the jury verdict, and accordingly reject plaintiff's *pro se* challenge as to the credibility of the defendant's witnesses and the propriety of the verdict itself. It is well settled that the

resolution of conflicting evidence and the credibility of the witnesses is for the jury to determine. *(Boyle v Gretch,* 57 AD2d 1047, 1048.)

The pertinent evidence adduced at trial consisted of conflicting testimony. A jury verdict in favor of a defendant will not be set aside unless the jurors could not have reached such a verdict on any fair interpretation of the evidence. *(Niewieroski v National Cleaning Contrs.,* 126 AD2d 424, 425, *lv denied* 70 NY2d 602.) An examination of the record establishes that such is not the case herein.

We have reviewed the plaintiff's challenge with respect to the court's refusal to give a missing document charge and find it to be without merit since the plaintiff has failed to sustain his burden of demonstrating that the documents in question actually existed and were in the control of the defendant *(Matter of Levine v Levine,* 60 AD2d 652, 654). We decline to review plaintiff's challenge to the admissibility of certain videotaped evidence as unpreserved. Concur—Murphy, P. J., Carro, Rosenberger and Smith, JJ.