■ EAGLE PET SERVICE COMPANY, INC., et al., Appellants, v PACIFIC EMPLOYERS INSURANCE COMPANY, Respondent, et al., Defendants.—Crew III, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Bergerman, J.), entered April 21, 1989 in Rockland County, upon a verdict rendered in favor of defendant Pacific Employers Insurance Company.

Ronald La Morgese was the principal owner of plaintiffs, two business entities. Plaintiff Eagle Pet Service Company, Inc. owned certain real property and a building structure thereon located in the Town of Clarkstown, Rockland County. Eagle Pet leased the space within its building to plaintiff Ronzel, Ltd., which operated a restaurant and owned the contents therein. La Morgese purchased certain insurance from defendant Pacific Employers Insurance Company (hereinafter defendant) naming Eagle Pet as the insured. On February 3, 1980, a fire destroyed Ronzel's restaurant premises and Eagle Pet's building. La Morgese notified defendant of said loss. Defendant hired UBA Fire and Explosive Investigations, Inc. to investigate the cause and origin of the fire. That investigation was conducted by Robert Haycock, who determined that the fire was intentionally set. Defendant refused to pay on its policy and plaintiffs commenced this action against defendant and others alleging, *inter alia,* breach of contract. Defendant answered and asserted, *inter alia,* an affirmative defense of arson. After a jury trial, a verdict was rendered in favor of defendant and this appeal ensued.

We find no merit to plaintiffs' contention that Supreme Court erred in permitting Haycock to testify as an expert witness concerning his investigation because he does not hold a New York license for such an investigation *(see,* General Business Law art 7). Haycock's experience of investigating fires for more than 35 years was sufficient to qualify him as an expert witness *(see, People v Kehn,* 109 AD2d 912, 913). Additionally, the fact that he lacks a license from this State to investigate fires does not effect his ability to testify, but only the weight to be afforded his testimony *(see, Hall v Yonkers Professional Hosp.,* 115 AD2d 637, 638). Accordingly, we cannot say that Supreme Court abused its discretion in permitting Haycock to testify *(see, Kwasny v Feinberg,* 157 AD2d 396, 400).

Plaintiffs' contention that Supreme Court unduly limited

the scope of their cross-examination of Haycock is also without merit. During the trial, plaintiffs moved to preclude Haycock's testimony because he was not licensed by the State to investigate fires. Supreme Court denied the motion and plaintiffs sought direction from the court concerning the extent to which the court would permit them to question the witness about the legal requirements needed to obtain such a State license. The court directed that plaintiffs might inquire into Haycock's qualifications, whether he holds a license from this State to investigate fires and whether the witness knew that it was a misdemeanor to investigate fires without a State license. Supreme Court did not, however, attempt to limit plaintiffs' right to inquire into the substance of Haycock's investigation of said fire or his opinion formed as a result thereof. Plaintiffs took exception to the court's direction. It is well settled that Supreme Court has broad discretion as to the method and duration of cross-examination (*Feldsberg v Nitschke,* 49 NY2d 636, 643). Additionally, a court may restrict inquiry into collateral matters (*supra*). Plaintiffs' desire to inquire into the witness's knowledge concerning the legal requirements needed to obtain a State license to investigate fires involves collateral issues which are not directly relevant to the issue of arson. We therefore cannot say that Supreme Court abused its discretion in limiting the scope of inquiry into these collateral issues (*see, Nicolla v Fasulo,* 161 AD2d 966, 968).

We also reject plaintiffs' contention that the test results of the samples taken from the fire scene were contaminated. Specifically, plaintiffs assert that "[t]he record is devoid of any showing of what happened to these samples from the time that they were taken until tested". A review of the record clearly demonstrates the chain of custody for the samples. Thomas Sullivan, a fire investigator for Rockland County, stated that he collected the samples, put them in sealed containers, identified each item and transported the samples from the scene to his office, where they were then prepared for shipping by Edward Conjura. Conjura, a detective for the Orangetown Police Department, stated that he received the samples from Sullivan and transported them to the crime lab. Charles Pompa, a forensic scientist at the New York State Crime Laboratory, acknowledged receipt of the samples and stated that they were sealed before he conducted his tests. Therefore, defendant has demonstrated that the samples were the same evidence taken from the fire scene and that the samples had not been tampered with (*see, People v Julian,* 41

NY2d 340, 343; *People v Donovan,* 141 AD2d 835, 836, *lv denied* 72 NY2d 1044). Plaintiffs offered no proof that the samples were contaminated or that the test results were flawed.

Plaintiffs' contention that Supreme Court erred in refusing to give a general missing witness and document charge is also without merit. Plaintiffs assert that the court failed to give a missing witness charge relating to a safety engineer and a fire adjuster, and a missing document charge relating to a report prepared by an investigator for UBA Fire and Explosive Investigations, Inc. As to the missing witness charge, the mere failure to produce a witness at trial, standing alone, is insufficient to justify the charge *(People v Gonzalez,* 68 NY2d 424, 427). In order to receive such a charge, a plaintiff must make a prima facie showing of entitlement *(People v Erts,* 73 NY2d 872, 874; *People v Gonzalez, supra),* i.e., that an uncalled witness was knowledgeable about a material issue and would be expected to testify favorably to the opposing party. This plaintiffs did not do. Likewise, as to a missing document charge, a plaintiff must make a prima facie showing of entitlement *(Malacow v Consolidated Rail Corp.,* 167 AD2d 123, *lv denied* 77 NY2d 807), i.e., that the documents in question actually existed and were in the defendant's control. Again, plaintiffs did not do this. Upon review of the record, we find that plaintiffs did not make a prima facie showing of entitlement for a missing witness or document charge.

We have considered plaintiffs' remaining contentions and find them to be without merit.

Mikoll, J. P., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the judgment is affirmed, with costs.