◼ CARLA A. WILSON, Appellant, v DAVID P. WILSON, Respondent. [663 NYS2d 710] —Mikoll, J. P. Appeal from an order of the Supreme Court (Rose, J.), entered September 17, 1996 in Broome County, which granted defendant's cross motion to dismiss the complaint for failure to state a cause of action.

The parties to this action were married in 1966 and have two children. After 30 years of married life, plaintiff commenced this action for divorce on the ground of defendant's cruel and inhuman treatment of her. Following joinder of issue, plaintiff moved for an order granting her temporary maintenance and defendant cross-moved for an order dismissing the complaint for failure to state a cause of action. Supreme Court entered an order on September 12, 1996 granting plaintiff temporary maintenance. By separate order entered on September 17, 1996, Supreme Court granted defendant's cross motion dismissing the complaint for failure to state a cause of action. It is from the latter order that plaintiff now appeals.

Keeping in mind that resolution of defendant's cross motion depends upon whether the complaint states a cause of action rather than upon whether one can be proved, and liberally construing the allegations in plaintiff's favor (*see, Frederick v Frederick*, 92 AD2d 1058), we nevertheless agree with Supreme Court that the complaint fails to state a cause of action. To maintain an action for divorce on the ground of cruel and inhuman treatment, the complaint must allege a pattern of conduct by the defendant which "so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for

the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]; *see, Brady v Brady*, 64 NY2d 339, 343; *Hessen v Hessen*, 33 NY2d 406, 410). "Cruelty implies wantonness or the intent to inflict suffering or conduct of such character as to seriously affect or impair the health of a spouse as to render cohabitation unsafe or improper. A plaintiff is, therefore, required to show a pattern of actual physical violence or other conduct which seriously affected the plaintiff's health, making further cohabitation unsafe" (Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C170:3, at 594-595; *see, Rios v Rios*, 34 AD2d 325, 327, *affd* 29 NY2d 840).

The acts of cruelty alleged in the complaint consist of the following: that throughout the marriage and within the past five years, defendant collected junk and stored it in and around the marital residence which made living conditions deplorable; that because of the condition of the residence, no one was permitted inside which made plaintiff feel lonely and isolated; that defendant failed to make needed repairs around the home; that he purchased numerous household conveniences but would not install or use them; that he precluded plaintiff from participating in family finances; that he would communicate with plaintiff, if at all, solely on his terms; and that he used allegedly vile and obscene language towards both plaintiff and their children. Even assuming that these allegations are true, the complaint nonetheless fails to allege how this conduct endangered plaintiff's physical or mental well-being and made it unsafe or improper for her to live with defendant (*see*, Domestic Relations Law § 170 [1]). This flaw is fatal to the viability of the complaint and, accordingly, we find it was properly dismissed for failure to state a cause of action.

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.