■ JAY SCHADOFF, Respondent, v CAROLE SCHADOFF, Appellant. [665 NYS2d 917] —In an action for a divorce and ancillary relief, the defendant wife appeals (1), as limited by her notice of appeal and brief, from so much of a judgment of the Supreme Court, Nassau County (Alpert, J.), entered April 7, 1995, as, after a trial, (a) awarded her only $200 per week in permanent maintenance for 600 weeks, and thereafter $300 per week, (b) cancelled *pendente lite* arrears owed by the plaintiff husband, and (c) denied her application for counsel fees, and (2) from an order of the same court, entered May 22, 1995, which denied her application for exclusive occupancy of the marital residence.

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Contrary to the wife's contention, the Supreme Court's award of maintenance was appropriate under the circumstances of this case (*see,* Domestic Relations Law § 236 [B] [6]; *Majauskas v Majauskas,* 61 NY2d 481; *Liadis v Liadis,* 207 AD2d 331; *Blisko v Blisko,* 149 AD2d 127; *see also, Zurner v Zurner,* 213 AD2d 906; *Conceicao v Conceicao,* 203 AD2d 877). The court properly articulated its reasons as to why cancellation of the *pendente lite* arrears was warranted (*see,* Domestic Relations Law § 244), and correctly denied the wife's application for an award of counsel fees (*see,* Domestic Relations Law § 237; *De-Cabrera v Cabrera-Rosete,* 70 NY2d 879; *Gallina v Gallina,* 162 AD2d 219). Lastly, the court providently denied the wife's application for exclusive occupancy of the marital residence inasmuch as she failed to show that such relief was necessary to protect the safety of persons and property (*see, Fakiris v Fakiris,* 177 AD2d 540). Sullivan, J. P., Friedmann, Florio and McGinity, JJ., concur.