■ MARION J. MURPHY, Appellant, v JOSEPH J. MURPHY, Respondent. [683 NYS2d 650] —Mercure, J. P. Appeal from an order of the Supreme Court (Dier, J.), entered November 18, 1997 in Warren County, upon a dismissal of the complaint seeking a judgment of divorce at the close of the evidence.

The parties were married in 1950 and separated in April 1995. In March 1997, plaintiff commenced this action for a divorce upon the grounds of defendant's alleged cruel and inhuman treatment and constructive abandonment of plaintiff, and for equitable distribution of marital property and an award of permanent maintenance. In October 1997, Supreme Court conducted a bifurcated trial on the issue of fault. Plaintiff and defendant were the only witnesses testifying and, at the conclusion of plaintiff's case, Supreme Court granted defendant's motion to dismiss the complaint based upon plaintiff's failure to make a prima facie showing of cruel and inhuman treatment or abandonment. Plaintiff appeals.

We affirm. Initially, we are unpersuaded by the contention that Supreme Court erred in dismissing plaintiff's causes of action for a divorce. In support of the cause of action alleging cruel and inhuman treatment, plaintiff offered evidence of but two altercations between the parties, neither of which resulted in physical injury, arrest, an order of protection or other court action, and a vague claim of a course of conduct involving excessive drinking, name-calling, accusations and recriminations (*see, Arunas v Arunas*, 227 AD2d 424, 425). Although plaintiff testified that defendant's conduct "made [her] feel awful" and that she felt "down all the time" and nervous, and that she suffered from high blood pressure and arthritis, she presented no competent evidence to support a finding that defendant's conduct caused her ailments or created any actual threat to her health or safety (*see, Doyle v Doyle*, 214 AD2d 918, 919, *lv denied* 87 NY2d 803). Nor was there evidence that plaintiff's nervousness and dismay were so substantial as to threaten her mental well-being (*see, Wilson v Wilson*, 244 AD2d 646, 647). Particularly in view of the length of the parties' marriage, we conclude that the trial evidence fell far short of establishing a course of conduct by defendant that was harmful to plaintiff's physical or mental health, making cohabitation unsafe or improper (*see*, Domestic Relations Law § 170 [1]; *Brady v Brady*, 64 NY2d 339, 345; *Doyle v Doyle, supra*, at 919).

As for the cause of action based upon abandonment, we need merely note that plaintiff produced no evidence tending to show that defendant's refusal to engage in sexual relations was "unjustified, willful, and continued despite repeated requests

for continued conjugal relations" (*Lyons v Lyons*, 187 AD2d 415, 416; *see, Casale v Casale*, 111 AD2d 737, *lv denied* 66 NY2d 603). To the contrary, the fact that the parties maintained separate bedrooms supports a finding that plaintiff impliedly consented to a sex-limited relationship, thereby precluding a finding of abandonment (*see generally, Frances G. v Vincent G.*, 71 NY2d 1001, 1002; *Nicholson v Nicholson*, 87 AD2d 645).

As a final matter, we reject the contention that Supreme Court erred in denying plaintiff's oral motion for maintenance after directing a verdict in favor of defendant. Following the dismissal of the complaint, Domestic Relations Law § 236 (B) (6) provided no basis for an award of maintenance. Because plaintiff never sought or obtained an award of temporary maintenance, plaintiff's reliance upon the decision of the Fourth Department in *Forbush v Forbush* (115 AD2d 335, *lv dismissed* 67 NY2d 756) is misplaced. Clearly, plaintiff's appropriate remedy is a support proceeding under Family Court Act article 4.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.