■ PETER B. HESS et al., Respondents, v MURNANE BUILDING CONTRACTORS, INC., Appellants. (Appeal No. 1.) [761 NYS2d 564] —Appeal from an order of Supreme Court, Onondaga County (Tormey, III, J.), entered April 25, 2002, which, inter alia, granted plaintiffs' motion to set aside that portion of the jury verdict awarding no damages for loss of consortium and granted a new trial.

■ PETER B. HESS et al., Respondents, v MURNANE BUILDING CONTRACTORS, INC., et al., Appellants. (Appeal No. 2.) [762 NYS2d 212] —Appeal from a judgment of Supreme Court, Onondaga County (Tormey, III, J.), entered June 28, 2002, upon a jury verdict rendered in favor of plaintiffs.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and a new trial is granted.

Memorandum: Defendants appeal from a judgment entered upon a jury verdict rendered in favor of plaintiffs. Charles T. Driscoll Masonry Restoration Company, Inc. (Driscoll Masonry) subcontracted with defendant Murnane Building Contractors, Inc. to perform masonry work on a parking garage at defendant Syracuse University (University). Peter B. Hess (plaintiff), an employee of Driscoll Masonry, was patching the garage ceiling with a metal trowel when he fell from scaffolding and injured his back. Plaintiffs allege that plaintiff fell when his trowel came into contact with an electrically charged conduit. Plaintiffs commenced this action alleging that defendants violated numerous provisions of Industrial Code (12 NYCRR) § 23-1.13.

We disagree with defendants that Supreme Court committed reversible error in precluding the admission in evidence of two "as built" electrical drawings prepared by a contractor. A party seeking to admit documents in evidence as business records must satisfy the three foundational requirements of CPLR 4518 (a) (*see People v Cratsley*, 86 NY2d 81, 89 [1995]). Here, plaintiffs objected to the introduction of the drawings "on the basis that there has not been a proper foundation relative to

the creation and authenticity of the documents, that they [do not] meet the test of a business record, [and] that [it has not been shown that] all of the notations were made contemporaneously with the production and filing with the keeper of the records." The court sustained plaintiffs' objection to the admission of the drawings solely on the ground that defendants' witness could not explain the origin of certain handwritten notations thereon. That was error. The witness's knowledge of the contents of the drawings goes only to the weight to be given the drawings, not their admissibility (*see* CPLR 4518 [a]). However, defendants' witness also failed to testify that the University routinely relied upon the business records of the contractor who produced the as-built drawings in the performance of the University's own business (*see West Val. Fire Dist. No. 1 v Village of Springville*, 294 AD2d 949, 950 [2002]). Thus, although the court's rationale for sustaining plaintiffs' objection was erroneous, the drawings were properly excluded because defendants failed to establish a sufficient foundation for their admission as business records.

We agree with defendants, however, that the court committed reversible error by granting plaintiffs' request for a missing witness charge with respect to the University. In seeking that charge, plaintiffs were required to demonstrate that there was a particular uncalled and available witness who was knowledgeable about a material issue and who, by reason of his or her relationship with the University, would have been expected to provide noncumulative testimony favorable to the University (*see People v Gonzalez*, 68 NY2d 424, 427 [1986]; *Dannick v County of Onondaga*, 191 AD2d 963, 964 [1993]). Here, plaintiffs did not identify a particular uncalled witness who was knowledgeable about the issue with respect to which the charge was sought. Thus, the court erred in giving the missing witness charge (*see generally Eagle Pet Serv. Co. v Pacific Empls. Ins. Co.*, 175 AD2d 471, 473 [1991], *lv denied* 79 NY2d 753 [1992]). The issue of liability turned entirely on whether the embedded conduit wires were energized at the time of plaintiff's injury, which was precisely the subject of the missing witness charge. Thus, the error is not harmless. Consequently, we reverse the judgment and grant a new trial on both liability and damages. In light of our determination, we decline to address defendants' remaining contentions. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Lawton and Hayes, JJ.