■ CLIFFORD E. RELYEA, Respondent, v ELAINE K. RELYEA, Appellant. [768 NYS2d 712]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Hughes, J.H.O.), entered July 17, 2002 in Schoharie County, granting plaintiff a divorce, upon a decision of the court.

The parties were married in 1953. Defendant moved into a separate bedroom in 1997 and, one year later, plaintiff left the marital residence, allegedly at defendant's request. He immediately moved in with another woman. Thereafter, plaintiff occasionally returned to the marital residence to do work on the farm and use the farm equipment. During one of these visits, defendant threatened plaintiff with a knife. On another occasion, defendant called the police to have plaintiff removed after, she claims, he told her that he and his girlfriend would be moving into the marital residence with defendant.

In November 1998, plaintiff commenced this divorce action, asserting, among other things, abandonment. Following a trial, Supreme Court granted plaintiff a divorce on that ground and divided the parties' marital assets. Defendant appeals and we now reverse.

In order to succeed on his abandonment claim, plaintiff was required to demonstrate that defendant unjustifiably abandoned him, without his consent, for a period of one or more years (*see Schine v Schine,* 31 NY2d 113, 119 [1972]; *Carpenter v Carpenter,* 278 AD2d 695, 696 [2000]). While plaintiff testified that he once requested the resumption of conjugal relations with defendant, his failure to prove *repeated* requests for resumption of marital relations is fatal to his claim of constructive abandonment (*see Shortis v Shortis,* 274 AD2d 880, 882 [2000]). Further, there is no evidence that plaintiff objected to maintaining separate bedrooms, implying that he consented to "a sex-limited relationship with his wife" (*Hammer v Hammer,* 34 NY2d 545, 546 [1974]). Similarly, plaintiff testified that he agreed to leave the marital residence and there is no indication that defendant thereafter unjustifiably excluded him. Indeed, plaintiff returned to the residence as he pleased. Accordingly, we agree with defendant that the evidence adduced at trial was insufficient to establish plaintiff's claims of abandonment and constructive abandonment (*see Lind v Lind,* 89 AD2d 518, 518 [1982], *affd* 58 NY2d 965 [1983]) and that plaintiff's complaint should be dismissed.

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and complaint dismissed.