■ H. David Goff, Appellant, v Stephen E. Paul, M.D., Respondent, et al., Defendant. (Appeal No. 1.) [778 NYS2d 609]—

Appeal from a judgment of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered January 9, 2003. The judgment was entered, upon a jury verdict, dismissing the complaint against defendant Stephen E. Paul, M.D. in a medical malpractice action.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action alleging that Stephen E. Paul, M.D. (defendant) negligently performed two back surgeries on him. Plaintiff did not call defendant as a witness in his direct case, and defendant testified as a fact witness for the defense. Although defendant's attorney did not elicit any opinion testimony from defendant during his direct examination, plaintiff nevertheless sought to elicit opinion testimony from defendant on cross-examination in order to impeach his testimony. Plaintiff sought to question defendant with respect to the suspension of his privileges at a

hospital, a peer review study that was critical of his work, and his prior alcohol dependency. It was undisputed, however, that defendant was licensed to practice medicine at the time he performed plaintiff's surgeries, and plaintiff was allowed to elicit from defendant testimony that he ceased practicing medicine one month after plaintiff's second surgery. In addition, we note that plaintiff conceded that the hospital suspension and peer review study did not pertain to the surgeries performed on plaintiff. Plaintiff also conceded that there was no proof of alcohol abuse at the time defendant performed plaintiff's surgeries.

"The scope and extent of cross-examination are within the broad discretion of the trial court" (*Holmes v Weissman*, 251 AD2d 1078, 1079 [1998]; *see Eagle Pet Serv. Co. v Pacific Empls. Ins. Co.*, 175 AD2d 471, 472 [1991], *lv denied* 79 NY2d 753 [1992]), and we conclude that Supreme Court did not abuse its discretion in agreeing with defendant that plaintiff was exceeding the scope of direct examination in his cross-examination of defendant and in denying plaintiff's request to reopen plaintiff's case to call defendant as an expert witness. In addition, the court had the discretion to limit plaintiff's inquiry into collateral matters on cross-examination (*see Feldsberg v Nitschke*, 49 NY2d 636, 643 [1980], *rearg denied* 50 NY2d 1059 [1980]; *Eagle Pet Serv. Co.*, 175 AD2d at 472).

All concur except Gorski, J., who dissents and votes to reverse in accordance with the following memorandum.

Gorski, J. (dissenting). I respectfully dissent. In my view, Supreme Court erred in limiting plaintiff's cross-examination of Stephen E. Paul, M.D. (defendant), and thus plaintiff is entitled to a new trial. Plaintiff alleged in this medical malpractice action that, inter alia, defendant was negligent in performing a lumbar laminectomy on plaintiff. During plaintiff's cross-examination of defendant, the court refused to allow plaintiff to ask defendant questions that called for an expert opinion regarding the standard of care required in the surgery he performed on plaintiff. In restricting plaintiff's cross-examination of defendant, the court agreed with defendant that plaintiff could not ask such "opinion" questions because they exceeded the scope of the direct examination of defendant, which was limited to matters of fact concerning plaintiff's surgery. The court also refused to permit plaintiff to reopen his case in order to call defendant as a witness for the purpose of asking him "opinion" questions. In addition, the court restricted plaintiff from fully exploring the status of defendant's medical license when, in fact, defendant was not licensed to practice medicine at the time of his deposition or at the time of trial.

A plaintiff in a medical malpractice action "should be permitted to examine his doctor-opponent as fully and freely as other qualified witnesses, and . . . such testimony may include expert opinion" (*Gilly v City of New York*, 69 NY2d 509, 511 [1987]). A defendant physician is not "an independent, disinterested witness" and, by virtue of his existing association with the case, may be compelled to testify as an expert for the plaintiff (*id.*). "[T]he doctor's knowledge of the proper medical practice and his possible awareness of his deviation from that standard in the particular case are, in a real sense, as much matters of 'fact' as are the diagnosis and examination he made or the treatment upon which he settled" (*McDermott v Manhattan Eye, Ear & Throat Hosp.*, 15 NY2d 20, 27 [1964]). By allowing the plaintiff to examine a defendant physician with respect to both matters of fact and expert opinion, "the courts do no more than conform to the obvious purpose underlying the adverse-party-witness rule. That purpose, of course, 'is to permit the production in each case of *all* pertinent and relevant evidence that is available from the parties to the action' " (*id.* [emphasis added]).

I know of no case law or statutory authority supporting the proposition that plaintiff was required to call defendant as a witness in order to entitle plaintiff to question him concerning his understanding of the standard of care applicable to the surgery giving rise to the medical malpractice action. Indeed, based on *McDermott,* the opinion testimony of defendant concerning that standard of care is a "matter[ ] of 'fact' " and thus, contrary to the determination of the court herein, such questioning is not outside the scope of the direct examination on matters of fact conducted by defendant's attorney (*id.*).

Here, plaintiff was not seeking to elicit opinion testimony to establish his prima facie case of medical malpractice (*see id.*). Rather, he was seeking to cross-examine defendant with respect to matters related to his credibility and competency, and he was entitled to do so. Questions relating to the applicable standard of medical care and defendant's adherence to it, in light of the earlier medical opinion testimony of plaintiff's expert, merely sought to test defendant's credibility on medical knowledge related to the very surgery involved herein. Because defendant's credibility or lack thereof is critical to the determination of liability in this case, it cannot be said that the court's improper restriction of plaintiff's cross-examination of defendant is harmless error. Although I agree with the majority that the court properly refused to permit plaintiff to question defendant with respect to the peer review study and his alcoholism, I nevertheless conclude that plaintiff's questioning of defendant concern-

ing his credentials and licensing history was permissible because it was designed to test defendant's credibility and, in my view, such questioning was improperly restricted (*see Alonso v Powers*, 220 AD2d 311 [1995]). I therefore would reverse the judgment in each appeal and grant plaintiff a new trial. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.