■ MATTHEW L. GERBER, Respondent, v INGRID L. GERBER, Appellant. [790 NYS2d 282]—

Rose, J. Appeal from a judgment of the Supreme Court (Spargo, J.), entered June 28, 2004 in Greene County, granting plaintiff a divorce, upon a decision of the court.

Following the parties' nine-year marriage, Supreme Court granted plaintiff a divorce on the ground of cruel and inhuman treatment. Defendant appeals, arguing that the evidence presented by plaintiff was insufficient to warrant a divorce on this ground. Since the evidence established only the parties' incompatibility and defendant's occasionally irritating conduct, we agree with defendant's argument and accordingly reverse.

"Courts have consistently held that merely unpleasant conduct, such as name calling or a cold, uncommunicative and unsympathetic manner, does not of itself constitute cruel and inhuman treatment within the purview of Domestic Relations Law § 170 (1)" (*Omahen v Omahen*, 289 AD2d 890, 892 [2001], *lv denied* 97 NY2d 613 [2002] [citations omitted]). Rather, "the party seeking the divorce must establish that the other party's conduct so threatened his or her physical or mental well-being that it would be unsafe or improper to continue to cohabit with the offending party" (*Shortis v Shortis*, 274 AD2d 880, 880-881 [2000]).

Here, although plaintiff testified that defendant's conduct made him feel uncomfortable and caused him to be agitated, annoyed and bothered, he presented no evidence that her conduct caused any tangible physical or mental ailment, or created any actual threat to his health or safety (*see Doyle v Doyle*, 214 AD2d 918, 919 [1995], *lv denied* 87 NY2d 803 [1995]). Under the circumstances, including the length of the marriage, we find no basis for a finding that plaintiff's cohabitation with defendant would be either unsafe or improper (*see Murphy v Murphy*, 257 AD2d 798, 798 [1999]; *compare Pfoltzer v Morris-Pfoltzer*, 9 AD3d 615, 617 [2004]). Thus, we are constrained to reverse Supreme Court's judgment. This conclusion renders defendant's remaining contention academic.

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and complaint dismissed.