■ EILEEN SCHUBERT, Appellant, v RICHARD J. SCHUBERT, Respondent. [823 NYS2d 282]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Seibert, Jr., J.), entered January 26, 2005 in Saratoga County, which granted defendant's motion to dismiss the complaint.

The parties to this divorce action were married in 1970. In August 2003, plaintiff instituted this action alleging causes of action for cruel and inhuman treatment and abandonment. At the conclusion of plaintiff's case, Supreme Court granted defendant's motion for dismissal of the complaint for failure to prove a prima facie case. Plaintiff appeals.

Where, as here, a long-term marriage is at issue, "the transgressions constituting . . . cruel and inhuman treatment must withstand a heightened scrutiny" (*Shortis v Shortis*, 274 AD2d 880, 881-882 [2000]). "In an action for divorce based on cruel and inhuman treatment, the party seeking the divorce must establish that the other party's conduct so threatened his or her physical or mental well-being that it would be unsafe or improper to continue to cohabit with the offending party" (*id.* at 880-881 [citation omitted]; *accord Gerber v Gerber*, 15 AD3d 829, 830 [2005]; *Redgrave v Redgrave*, 304 AD2d 1062, 1063 [2003]). In an effort to prove this cause of action, plaintiff presented evidence of defendant's alleged adulterous affairs in 1994 and 1996. These acts, which occurred more than five years prior to the institution of this action for cruel and inhuman treatment, are time-barred (*see* Domestic Relations Law § 210). Moreover, although forgiveness is not a defense to a cruel and inhuman treatment cause of action (*see* Domestic Relations Law § 171), plaintiff's testimony that the parties voluntarily cohabited subsequent to these events is highly probative on the issue of whether it was unsafe or improper for her to continue to cohabit with defendant. Plaintiff's testimony that defendant's conduct caused her to suffer shingles and gain weight was not supported by medical proof. Although the lack of medical proof is not fatal to the cause of action, it is relevant on the issue of the sufficiency of the proof (*see Shortis v Shortis, supra* at 882).

Supreme Court is vested with broad discretion in making a determination as to whether the conduct complained of amounts to cruel and inhuman treatment and its factual and credibility findings are accorded great deference (*see Holmes v Holmes*, 25 AD3d 931, 932 [2006]; *Shortis v Shortis, supra* at 881). Here, we find no basis to disturb Supreme Court's discretion in dismissing the cause of action for cruel and inhuman treatment.

We also agree that Supreme Court properly dismissed plaintiff's abandonment cause of action. To establish this cause of action, plaintiff must demonstrate that defendant unjustifiably and without plaintiff's consent abandoned plaintiff for a

period of one or more years and refused repeated requests to resume cohabitation or conjugal relations (*see Relyea v Relyea*, 2 AD3d 1176, 1177 [2003]). Plaintiff's own testimony is fatal to her claim. In 1999, she informed defendant that "if he was that unhappy with the marriage and wanted out of the marriage that he could pack his bags and leave." In 2002, when defendant asked plaintiff for either a mediated divorce or reconciliation, she rejected reconciliation. Moreover, she unequivocally admitted never requesting defendant to return to the residence or to resume cohabitation.

Finally, Supreme Court's refusal to allow plaintiff to reopen when defendant rested without presenting any evidence does not constitute an abuse of discretion as plaintiff has failed to demonstrate any prejudice resulting therefrom (*see Goff v Paul*, 8 AD3d 971, 972 [2004], *lv denied* 3 NY3d 608 [2004]).

Mercure, J.P., Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.