■ ALISON MCMAHON, Appellant, v THOMAS J. MCMAHON, Respondent. [840 NYS2d 826]—

Cardona, P.J. Appeal from an order of the Supreme Court (Seibert, Jr., J.), entered June 15, 2006 in Saratoga County, which granted defendant's motion to dismiss the complaint at the close of evidence.

The parties were married in 1982 and have four children. In February 1998, plaintiff commenced this action by summons with notice seeking a divorce on the ground of cruel and inhuman treatment (*see* Domestic Relations Law § 170 [1]). Thereafter, in July 2005, plaintiff filed and served a verified complaint, adding a second cause of action for abandonment (*see* Domestic Relations Law § 170 [2]). At the conclusion of the trial and upon motion by defendant, Supreme Court dismissed the complaint finding that plaintiff failed to present sufficient credible evidence establishing a prima facie case for divorce on either ground.

We are unpersuaded by plaintiff's contention that Supreme Court erred in dismissing her complaint. Addressing first her request for a divorce based upon cruel and inhuman treatment, to prevail, a plaintiff must demonstrate " 'that the conduct of the defendant so endangers the physical or mental well being of the plaintiff' " as to render it unsafe or improper for the plaintiff to continue living with the defendant (*Pfoltzer v Morris-Pfoltzer*, 9 AD3d 615, 616 [2004], quoting Domestic Relations Law § 170 [1]; *see Conrad v Conrad*, 16 AD3d 794, 794 [2005]). Where, as here, the marriage is one of significant length, "the transgressions constituting the cruel and inhuman treatment must withstand a heightened scrutiny" (*Shortis v Shortis*, 274 AD2d 880, 881-882 [2000]; *accord Schubert v Schubert*, 33 AD3d 1177, 1178 [2006]), demonstrating a pattern of misconduct which seriously affects the plaintiff's health, making further cohabitation unsafe (*see Wilson v Wilson*, 244 AD2d 646, 647 [1997]).

Specifically, in support of plaintiff's allegation of cruel and inhuman treatment, she testified to an incident in May 1997 when defendant arrived home intoxicated and began breaking

office furniture and throwing things around, frightening the children. According to plaintiff, he forced his way into the parties' bedroom, breaking the door, and threw a book that inadvertently hit one of the children. It was after this particular incident that plaintiff obtained a temporary order of protection, which was later vacated after she withdrew the underlying family offense petition. Plaintiff further alleged that defendant's abusive conduct, along with her loss of employment, resulted in her admission into a mental health facility for one month in late 1996, where she was diagnosed with depression and anxiety. We note, however, that she offered no medical evidence supporting the conclusion that her condition was caused by defendant's conduct (*see Murphy v Murphy*, 257 AD2d 798 [1999]). Although plaintiff's failure to present such medical evidence is not fatal to a claim of cruel or inhuman treatment, it is "a relevant consideration in evaluating the sufficiency of the proof" (*Omahen v Omahen*, 289 AD2d 890, 891 [2001], *lv denied* 97 NY2d 613 [2002]; *see Shortis v Shortis, supra* at 882). This record indicates that plaintiff's remaining testimony consisted of general allegations regarding defendant's excessive drinking, domination of their financial affairs, name-calling, and verbal and physical abuse.

On the other hand, although defendant testified that the marriage began to deteriorate in 1996 under financial strain and other stressors, including plaintiff's unemployment and the declining values of the parties' investment properties, he denied excessive drinking or that he ever resorted to acts of verbal or physical abuse. Regarding the parties' financial matters, the evidence demonstrated that both parties were involved in purchasing the investment properties and that plaintiff was not barred from, but had access to, their financial information.

In view of the trial court's broad discretion in determining whether the conduct complained of amounts to cruel and inhuman treatment and affording deference to its credibility assessments of the parties' conflicting testimony, we will not disturb Supreme Court's conclusion that plaintiff's proof failed to establish that her continued cohabitation with defendant was unsafe or improper under the circumstances (*see Shortis v Shortis, supra* at 881; *Murphy v Murphy, supra* at 798; *compare Redgrave v Redgrave*, 304 AD2d 1062, 1064-1066 [2003]).

Addressing plaintiff's cause of action for abandonment, plaintiff was required to establish that defendant abandoned her, without justification or consent, for a period of one or more years and, in addition, "refused repeated requests to resume cohabitation or conjugal relations" (*Schubert v Schubert, supra* at

1179). In this case, after defendant left the marital residence, plaintiff changed the locks and, thereafter, served defendant with an order of protection which prohibited him from returning home. Under these circumstances and absent any attempt at reconciliation, we agree with Supreme Court that the proof was not sufficient to establish this ground for divorce.

Plaintiff's remaining contentions have been reviewed and found to be unpersuasive.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.